**UNITED STATES FOR THE DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| MATTHEW SCOTT, | * | |
| | * | |
| ELISABETH NUGENT, | * | |
| | * | |
| KEVIN WIGGINS, | * | |
| | * | |
| STACY BLACKBURN, | * | |
| | * | |
| BEY WESLEY, | * | |
| | * | |
| MATTHEW BLANCHARD, | * | |
| | * | |
| BERNADETTE VIELHABER, | * | |
| | * | |
| ANDREW LITTLE, | * | |
| | * | |
|     PLAINTIFFS, | * | |
| | * | |
| v. | * | Case No.: |
| | * | |
| TRUSTIFY INC. | * | |
| Serve:  DANIEL K. BOICE | * | |
| 200 12TH ST. SOUTH, #801 | * | |
| ARLINGTON, VA 22202 | * | |
| | * | |
| And | * | |
| | * | |
| DANIEL K. BOICE | * | |
| 8805 WINTHROP DR. | * | |
| ALEXANDRIA, VA 22308 | * | |
| | * | |
|     DEFENDANTS. | * | |

*************************************************************************

## COMPLAINT

    Plaintiffs, by and through undersigned counsel, hereby submit their Complaint against Defendants Trustify Inc. ("Trustify") and Daniel K. Boice to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), and for breach of contract in violation of Virginia common law.

## INTRODUCTION

1.     Plaintiffs were all employees of technology start-up, Trustify, and its Founder and CEO, Daniel Boice, until November 2018, when Trustify failed to pay Plaintiffs for their work. When Plaintiffs asked about the lack of payment and stated that they would be forced to make a complaint to the state labor board, Boice fired the Plaintiffs on November 26, 2018 in retaliation for complaining.

2.     Plaintiffs bring this case to recover unpaid wages, including minimum wages, that Defendants failed to pay Plaintiffs for Plaintiffs' work in November 2018.

3.     Plaintiffs also bring this case to recover damages they incurred as a result of Defendants' retaliatory termination of Defendants for complaining that Plaintiffs were not paid for their work in November 2018.

## PARTIES

4.     Plaintiffs are all former employees of Trustify and Boice.

5.     Trustify Inc. is a Virginia corporation located at 200 12th Street South, Suite 801, Arlington, Virginia 22202.

6.     Daniel K. Boice is the founder and CEO of Trustify.

7.     In Boice's capacity with Trustify, Boice individually:

   a.   was personally in charge of managing and controlling the business operations of Trustify;

   b.   was Plaintiffs' most senior manager and supervisor;

   c.   oversaw and evaluated Plaintiffs' job duties;

   d.   made or delegated the decisions to hire Plaintiffs;

    e.   set and determined Plaintiffs' job duties and responsibilities;

    f.   set and determined Plaintiffs' rate and method of pay;

    g.   set, controlled, and monitored Plaintiffs' work schedule;

    h.   maintained or caused to be maintained all work and employment records relating to Plaintiffs; and

    i.   had full authority to fire Plaintiffs which he exercised on November 26, 2018.

8.    All of Plaintiffs' job duties and work giving rise to this action occurred in Arlington, Virginia within this judicial district.

9.    At all times, Defendants provided an online private investigator platform that connected customers with private investigators in a manner that crossed state borders and otherwise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

10.    At all relevant times, Defendants had a gross annual revenue that exceeded $500,000.00 and thus Defendants qualify as an "enterprise" within the meaning of 29 U.S.C. § 203(r).

11.    At all relevant times, Defendants qualified as Plaintiffs' "joint employers," within the meaning of the FLSA.

## JURISDICTION AND VENUE

12.    This court has federal question jurisdiction over this case because Trustify failed to pay Plaintiffs minimum wage and retaliated against Plaintiffs by firing them for complaining about Trustify's failure to pay them minimum wage in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

13.    This court has supplemental jurisdiction over the Plaintiffs' claims at common law because those claims form part of the same case or controversy as Plaintiffs' FLSA claims.

## FACTS

14.     Trustify is a start-up technology company that operated an application to connect private investigators with individuals and businesses.

15.     Trustify provides services to customers both inside and outside Virginia using private investigators located both inside and outside Virginia.

16.     Plaintiffs were Trustify employees until November 26, 2018, when they complained that they were not paid for their work during the first pay period of November 2018.

17.     Plaintiffs and Trustify had written employment contracts that reflected the terms of their employment agreements, although, pursuant to those contracts, Trustify had agreed to provide several Plaintiffs raises and modified their employment agreements verbally.

18.     By failing to pay Plaintiffs minimum wage, Trustify has violated the FLSA.

19.     By failing to pay Plaintiffs as agreed, Trustify has breached its employment contracts with Plaintiffs.

*Boice commingled Trustify's funds with personal funds and
misused the corporate form to commit an injustice*

20.     Boice was the principal owner of Trustify and controlled how Trustify used its funds.

21.     In 2018, Boice used Trustify funds to pay for personal expenses, including approximately $600,000 for a documentary about Boice and his wife, and Boice also promised to pay expenses related to a personal lawsuit with Trustify funds.

22.     Boice used Trustify's corporate form to benefit himself and commit an injustice against Plaintiffs.

*Damages owed Matthew Scott*

23.     Plaintiff Matthew Scott worked for Trustify from March 13, 2017 until November 26, 2018.

24.     Scott's offer letter provided that he was to be paid $75,000 annually.

25.     From November 1, 2018 until November 26, 2018, Scott worked each week day from approximately 9am until approximately 5 pm with a 1-hour lunch break, except for between approximately 9am-5pm on November 19-November 23, 2018 when Plaintiffs were sent home on paid time off and paid holiday leave.

26.     Pursuant to his contract with Trustify, Scott is entitled to $5,342.47 for the period between November 1 and November 26.

*Damages owed Elisabeth Nugent*

27.     Plaintiff Elisabeth Nugent worked for Trustify from June 12, 2017 until November 26, 2018.

28.     Nugent entered a written contract of employment with Trustify on May 26, 2017. Pursuant to that contract, Trustify and Nugent agreed that Trustify would compensate Nugent for her work at the rate of $63,000 per year.

29.     From November 1, 2018 until November 26, 2018, Nugent worked each week day from approximately 9am until approximately 5 pm with a 1-hour lunch break, except for between approximately 9am-5pm on November 19-November 23, 2018 when Plaintiffs were sent home on paid time off and paid holiday leave.

30.     Pursuant to her contract with Trustify, Nugent is entitled to $4,487.67 for the period between November 1 and November 26.

*Damages owed Kevin Wiggins*

31.     Plaintiff Kevin Wiggins worked for Trustify from July 5, 2017 until November 26, 2018.

32.     Wiggins's offer letter provided that he was to be paid $50,000 annually.

33.     From November 1, 2018 until November 26, 2018, Wiggins worked each week day from approximately 9am until approximately 5pm with a 1-hour lunch break, except for between approximately 9am and 5pm on November 19-November 23, 2018 when Plaintiffs were sent home on paid time off and paid holiday leave.

34.     Pursuant to his contract with Trustify, Wiggins is entitled to $3,561.64 for the period between November 1 and November 26.

*Damages owed Stacy Blackburn*

35.     Plaintiff Stacy Blackburn worked for Trustify from May 7, 2018 until November 26, 2018 as a Content Producer.

36.     Blackburn's offer letter provided that she was to be paid $70,000 annually.

37.     From November 1, 2018 until November 26, 2018, Blackburn worked each week day from approximately 9am until approximately 5pm with a 1-hour lunch break, except for between approximately 9am and 5pm on November 19-November 23, 2018 when Plaintiffs were sent home on paid time off and paid holiday leave.

38.     Pursuant to her contract with Trustify, Blackburn is entitled to $4,986.30 for the period between November 1 and November 26.

*Damages owed Bey Wesley*

39.     Plaintiff Bey Wesley worked for Trustify from March 17, 2017 until November 26, 2018.

40.     Wesley's offer letter provided that he was to be paid $49,000 annually plus commission.

41.     From November 1, 2018 until November 26, 2018, Wesley worked each week day from approximately 9am until approximately 5pm with a 1-hour lunch break, except for between approximately 9am-5pm on November 19-November 23, 2018 when Plaintiffs were sent home on paid time off and paid holiday leave.

42.     Pursuant to his contract with Trustify, Wesley is entitled to $3,490.41 for the period between November 1 and November 26.

*Damages owed Matthew Blanchard*

43.     Plaintiff Matthew Blanchard worked for Trustify from November 6, 2017 until November 26, 2018 as an Account Executive.

44.     Blanchard's offer letter provided that he was to be paid $42,000 annually, plus commission on revenue he secured.

45.     From November 1, 2018 until November 26, 2018, Blanchard worked each week day from approximately 9am until approximately 5pm with a 1-hour lunch break, except for between approximately 9am-5pm on November 19-November 23, 2018 when Plaintiffs were sent home on paid time off and paid holiday leave.

46.     Pursuant to his contract with Trustify, Blanchard is entitled to $2,991.78 in wages for the period between November 1 and November 26 and $500 in commission.

*Damages owed Bernadette Vielhaber*

47.     Plaintiff Bernadette Vielhaber worked for Trustify from April 17, 2018 until November 26, 2018 as a Content Marketing Writer.

48.     Vielhaber's offer letter provided that she was to be paid $70,000 annually.

49.     From November 1, 2018 until November 26, 2018, Vielhaber worked each week day from approximately 9am until approximately 5pm with a 1-hour lunch break, except for between approximately 9am-5pm on November 19-November 23, 2018 when Plaintiffs were sent home on paid time off and paid holiday leave.

50.     Pursuant to her contract with Trustify, Vielhaber is entitled to $4,986.30 for the period between November 1 and November 26.

*Damages owed Andrew Little*

51.     Plaintiff Andrew Little worked for Trustify from April 17, 2017 until November 26, 2018 as a Customer Success Manager.

52.     Little's offer letter provided that he was to be paid $50,000 annually plus 7% of the gross amount of revenue he sold.

53.     From November 1, 2018 until November 26, 2018, Little worked each week day from approximately 9am until approximately 5pm with a 1-hour lunch break, except for between approximately 9am-5pm on November 19-November 23, 2018 when Plaintiffs were sent home on paid time off and paid holiday leave.

54.     Pursuant to his contract with Trustify, Little is entitled to $3,561.64 in wages for the period between November 1 and November 26 and $1,300 in commission.

*Plaintiffs complained about non-payment and Defendants terminated them*

55.     By fall of 2018, Trustify was in financial distress.

56.     Trustify stopped paying amounts owed to some vendors.

57.     Then, Trustify paid the Plaintiffs and other employees late for pay due on October 1 and October 15, 2018 and bounced several paychecks for employees.

58.     Trustify sought out other ways to pay their employees than by direct deposit, such as with cashier's checks or through the application bill.com.

59.     On Thursday, November 15, 2018, which was payday for Plaintiffs for their work from November 1-14, Danny Boice claimed that he was going to the bank to get Trustify's employees' paychecks and left the office.

60.     Boice did not return that or the next day.

61.     On Friday, November 16, 2018, the Plaintiffs emailed Boice and formally requested payment for their unpaid wages and that Trustify appropriately pay their unpaid tax withholdings for October 2018.

62.     The November 16, 2018 email stated that if Trustify did not pay Plaintiffs that they would "be forced to make a complaint to the Virginia Labor Board."

63.     On Monday, November 19, Plaintiffs met with Boice and asked about their paychecks.

64.     Boice became extremely angry and threatening toward Plaintiffs and told them to leave.

65.     Trustify Vice President Matthew De Leon instructed the Plaintiffs to take paid time off on Tuesday and Wednesday and the Plaintiffs had paid holidays on Thanksgiving, November 22 and Friday, November 23.

66.     Trustify, meanwhile, deactivated Plaintiffs access to company email and instant messaging systems on Monday, November 19, 2018.

67.     On the morning of November 26, 2018, Boice emailed the Plaintiffs and terminated their employment.

**JURY DEMAND**

68.     Plaintiffs respectfully demand a trial by jury.

**CAUSES OF ACTION**

**COUNT I**
**Violation of Minimum Wage Provisions of FLSA**
**(Against Both Defendants)**

69.     Plaintiffs re-allege and reassert each and every allegation set forth in the paragraphs above as if each were set forth herein.

70.     The FLSA required Defendants to pay Plaintiffs minimum wage for all hours worked at the FLSA-required rate.

71.     As set forth above, Defendants failed to pay Plaintiffs minimum wage in compliance with the FLSA.

72.     Defendants failure to pay Plaintiffs as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count I for all unpaid minimum wages in such amounts as will be proven at trial, plus an equal amount as liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

**COUNT II**
**Violation of Anti-Retaliation Provision of FLSA**
**(Against Both Defendants)**

73.     Plaintiffs re-allege and reassert each and every allegation set forth in the paragraphs above as if each were set forth herein.

74.     Plaintiffs engaged in FLSA-protected conduct by complaining that they were not paid minimum wage and threatening to file a complaint with the Virginia Department of Labor.

75.     Because of Plaintiffs' FLSA-protected activity, Defendants intentionally terminated Plaintiffs' employment, causing Plaintiffs to lose wages, benefits, and suffer emotional distress.

76.     Defendants' FLSA-retaliation was intentional and malicious and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II for two times the amount of Plaintiffs' lost wages, attorney's fees, costs, and expenses of this action incurred as a result of Defendants' retaliation, damages for emotional distress, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems proper.

## COUNT III
### Breach of Contract
### (Against Both Defendants)

77.     Plaintiffs re-allege and reassert every allegation set forth in the paragraphs above as if were set forth herein.

78.     Plaintiffs entered into valid, written contracts with Trustify, which were in some cases verbally modified with respect to the payment terms.

79.     Plaintiffs fully performed all of their duties and obligations under their contracts with Trustify.

80.     Defendants materially breached the contracts by failing to pay Plaintiffs.

81.     Boice is liable for Trustify's breach of contract because grounds exist to pierce the corporate veil.

WHEREFORE, Defendants are liable to Plaintiffs under Count III for all reasonably foreseeable damages caused by Defendants' breaches of its contracts with Plaintiffs, pre-judgment

and post-judgment interest as provided for by law, and for such other legal and equitable relief from Defendants' conduct as the Court deems proper.

Respectfully submitted,

Alan Lescht and Associates, P.C.

/s/Jack Jarrett
Jack Jarrett [VA Bar 86176]
1825 K Street, NW, Ste. 750
Washington, D.C. 20006
Tel: (202) 463-6036
Fax: (202) 463-6067
jack.jarrett@leschtlaw.com
*Counsel for Plaintiffs*