IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MATTHEW SCOTT, et al., </br></br>Plaintiffs, </br></br>v. </br></br>TRUSTIFY, INC., et al., </br></br>Defendants. | Civ. Action No. 1:19-cv-00032 (LO/MSN) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' AMENDED \MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS TRUSTIFY, INC. AND DANIEL K. BOICE**

This is a breach of contract and Fair Labor Standards Act ("FLSA") case to recover unpaid wages from Plaintiffs' former employers. Defendant Trustify, Inc. ("EngagePoint") was Plaintiffs' nominal employer and a signatory to Plaintiffs' employment agreements. Defendant Boice was Plaintiffs' joint employer. Defendants breached their contracts with Plaintiffs and failed to pay Plaintiffs minimum wage.

The Court should grant Plaintiffs' motion for default judgment against Defendants and enter the award requested below because (1) the Defendants failed to file an appearance or defend against Plaintiffs' suit despite proper service; and (2) Plaintiffs' allegations and facts in the record before this Court establish that Defendants are liable to Plaintiffs for breach of contract and violations of the Fair Labor Standards Act.

**PROCEDURAL HISTORY**

1. On January 8, 2019, Plaintiffs filed a Complaint against Defendants Trustify, Inc. and Daniel K. Boice to recover damages under the Fair Labor Standards Act and for breach of

contract. [Dkt. No. 1].

2. On February 28, 2019, Defendant Daniel K. Boice was properly served by private process server with the Court-issued Summons and copy of the Complaint. [Dkt. No. 6].

3. On March 6, 2019, Defendant Trustify, Inc. was properly served by process server with the Court-issued Summons and a copy of the Complaint. [Dkt. No. 7].

4. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), "[a] defendant must serve an answer within 21 days after being served with the summons and complaint."

5. Pursuant to the Federal Rules, Defendant Daniel K. Boice must have filed an Answer or other responsive pleading by no later than March 21, 2019.

6. Pursuant to the Federal Rules, Defendant Trustify, Inc. must have filed an answer or other responsive pleading no later than March 27, 2019.

7. To date, no Answer or other responsive pleading has been filed by Defendants Daniel K. Boice or Trustify, Inc. and the time to do so has expired.

## FACTS IN THE RECORD BEFORE THE COURT

1. Plaintiff Scott has attached to this memorandum a Sworn Affidavit affirming the relevant facts in support of Default Judgment. See Sworn Affidavit of Matthew Scott, attached as Exhibit A.

2. Plaintiff Nugent has attached to this memorandum a Sworn Affidavit affirming the relevant facts in support of Default Judgment. See Sworn Affidavit of Elisabeth Nugent, attached as Exhibit B.

3. Plaintiff Wiggins has attached to this memorandum a Sworn Affidavit affirming the relevant facts in support of Default Judgment. See Sworn Affidavit of Kevin Wiggins, attached as Exhibit C.

4. Plaintiff Blackburn has attached to this memorandum a Sworn Affidavit affirming the relevant facts in support of Default Judgment. See Sworn Affidavit of Stacy Blackburn, attached as Exhibit D.

5. Plaintiff Wesley has attached to this memorandum a Sworn Affidavit affirming the relevant facts in support of Default Judgment. See Sworn Affidavit of Bey Wesley, attached as Exhibit E.

6. Plaintiff Blanchard has attached to this memorandum a Sworn Affidavit affirming the relevant facts in support of Default Judgment. See Sworn Affidavit of Matthew Blanchard, attached as Exhibit F.

7. Plaintiff Vielhaber has attached to this memorandum a Sworn Affidavit affirming the relevant facts in support of Default Judgment. See Sworn Affidavit of Bernadette Vielhaber, attached as Exhibit G.

8. Plaintiff Little has attached to this memorandum a Sworn Affidavit affirming the relevant facts in support of Default Judgment. See Sworn Affidavit of Andrew Little, attached as Exhibit H.

9. Plaintiffs are all former employees of Trustify and Boice. Compl. ¶ 4.

10. Plaintiffs and Trustify had written employment contracts that reflected the terms of their employment agreements, although, pursuant to those contracts, Trustify had agreed to provide several Plaintiffs raises and modified their employment agreements verbally. Compl. ¶ 17.

11. Daniel K. Boice is the founder and CEO of Trustify. In Boice's capacity with Trustify, Boice individually:

   a. was personally in charge of managing and controlling the business operations of Trustify;
   b. was Plaintiffs' most senior manager and supervisor;

    c. oversaw and evaluated Plaintiffs' job duties;

    d. made or delegated the decisions to hire Plaintiffs;

    e. set and determined Plaintiffs' job duties and responsibilities;

    f. set and determined Plaintiffs' rate and method of pay;

    g. set, controlled, and monitored Plaintiffs' work schedule;

    h. maintained or caused to be maintained all work and employment records relating to Plaintiffs; and

    i. had full authority to fire Plaintiffs which he exercised on November 26, 2018. Plaintiffs are all former employees of Trustify and Boice. Compl. ¶¶ 6-7.

12. Boice was the principal owner of Trustify and controlled how Trustify used its funds. Compl. ¶ 20.

13. In 2018, Boice used Trustify funds to pay for personal expenses, including approximately $600,000 for a documentary about Boice and his wife, and Boice also promised to pay expenses related to a personal lawsuit with Trustify funds. Compl. ¶ 21.

14. By fall of 2018, Trustify was in financial distress. Compl. ¶ 55.

15. On Thursday, November 15, 2018, which was payday for Plaintiffs for their work from November 1-14, Boice claimed that he was going to the bank to get Trustify's employees' paychecks and left the office. Compl. ¶ 59.

16. Boice did not return that or the next day. Compl. ¶ 60.

17. On Friday, November 16, 2018, the Plaintiffs emailed Boice and formally requested payment for their unpaid wages and that Trustify appropriately pay their unpaid tax withholdings for October 2018. Compl. ¶ 61.

18. The November 16, 2018 email stated that if Trustify did not pay Plaintiffs that they would "be forced to make a complaint to the Virginia Labor Board." Compl. ¶ 62.

19. On Monday, November 19, Plaintiffs met with Boice and asked about their paychecks. Compl. ¶ 63.

20. Boice became extremely angry and threatening toward Plaintiffs and told them to leave. Compl. ¶ 64.

21. Trustify Vice President Matthew De Leon instructed the Plaintiffs to take paid time off on Tuesday and Wednesday and the Plaintiffs had paid holidays on Thanksgiving, November 22 and Friday, November 23. Compl. ¶ 65.

22. On the morning of November 26, 2018, Boice emailed the Plaintiffs and terminated their employment in retaliation for their complaining that Trustify had not paid them wages. Compl. ¶ 67.

## THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST DEFENDANTS

### I. The Court Has Authority To Issue A Default Judgment

Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D. Md. 2002). The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* (citing *United States v. Shaffer Equip. Co*., 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party, *see SEC v. Lawbaugh*, 359 F.Supp.2d 418,

421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836, 205 U.S. App. D.C. 84 (D.C. Cir. 1980)).

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422. Rule 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 U.S. Dist. LEXIS 38049, 2010 WL 1568595, at *3 (D. Md. Apr. 16, 2010).

## II. Jurisdiction And Venue Are Proper

This Court has both personal and subject matter jurisdiction over the defaulting parties. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under the FLSA, 29 U.S.C. § 201 *et seq.*, which provides for relief for unpaid minimum wages. This court has subject matter jurisdiction over the claim for breach of contract under Virginia law pursuant to 28 U.S.C. § 1367 because the breach of contract claims at issue in this case are part of the same case and controversy as the FLSA claims.

This Court has personal jurisdiction over the Defendants because Defendant Trustify is a Virginia Corporation and Defendant Boice is a Virginia resident. *Villatoro Villatoro v. Crespo's Gen. Contracting, LLC*, Civil Action No. 1:15cv606, 2016 U.S. Dist. LEXIS 59222, at *4 (E.D. Va. Mar. 28, 2016).

Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because both Defendants reside within Virginia within this judicial district.

### III. Service Was Proper

Defendant Boice was served by posting upon his usual place of abode in accordance with Virginia Code § 8.01-296. Defendant Trustify was served through the Clerk of the Commonwealth of Virginia State Corporation Commission as its agent pursuant to Virginia Code § 12.1-19.1. These methods of service are authorized under Virginia law and therefore comply with Federal Rule of Civil Procedure 4(e)(1) and 4(h)(1)(A).

### IV. Defendants Are Liable For Failing To Pay Plaintiffs Minimum Wage

To establish a violation of FLSA for non-payment of minimum wage under 29 U.S.C. § 206, a plaintiff must show that (1) plaintiff was employed by the defendant, (2) plaintiff was engaged in interstate commerce or in the production of goods for interstate commerce, (3) plaintiff was not compensated for all hours worked during each work-week at a rate equal to or greater than the applicable minimum wage, and (4) none of the exemptions in 29 U.S.C. § 213 applied to plaintiff's position. *See* 29 U.S.C. § 206.

1. <u>Plaintiffs were employed by Defendants</u>

FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Employ" is defined to include "to suffer or permit to work." 29 U.S.C. § 203(g). Furthermore, individual defendants can be held liable as employers under FLSA. *See Brock v. Hamad*, 867 F.2d 804, 808 n.6 (4th Cir. 1989). Under the majority rule, an individual corporate officer may be subject to liability in his individual capacity if he acts as a supervisor with sufficient control over the conditions and terms of a plaintiff's employment. *Zegarra v. Marco Polo, Inc.*, No. 1:08cv891, 2009 U.S. Dist. LEXIS 3845,

at *5-6 (E.D. Va. Jan. 21, 2009). An individual owner that controlled the day-to-day operations of the company employer, supervised the plaintiff, and had the power to hire, fire, suspend, discipline, and directly or indirectly set the plaintiff's work schedule and pay is an "employer," for the purposes of the FLSA. *Villatoro Villatoro v. Crespo's Gen. Contracting, LLC*, Civil Action No. 1:15cv606, 2016 U.S. Dist. LEXIS 59222, at *9 (E.D. Va. Mar. 28, 2016).

Here, both Defendant Trustify and Defendant Boice are employers within the meaning of the FLSA. The Plaintiffs had employment contracts with and worked for Trustify. Compl. ¶ 17. Defendant Boice exercised sufficient control over Plaintiffs' employment because he controlled Trustify's operation, directly and indirectly supervised Plaintiffs, and had the power to hire, fire, discipline and directly or indirectly set Plaintiffs' hours and rate of pay. Compl. ¶¶ 6-7.

2. Plaintiffs were engaged in interstate commerce

Pursuant to FLSA, an employee who works for an enterprise engaged in commerce or the production of goods for commerce is an employee covered by the Act regardless of his actual work duties. *Russell v. Cont'l Rest., Inc.*, 430 F. Supp. 2d 521, 524 (D. Md. 2006) (citing 29 U.S.C. § 203(s) (1)(A)). An "enterprise engaged in commerce or in the production of goods for commerce" is defined as one that:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1)(A).

In this case, Trustify and Boice had employees engaged in interstate commerce as their

application connected customers with private investigators in states outside of Virginia, where Plaintiffs worked. Compl. ¶ 9. Trustify's and Boice's annual gross volume of sales made or business done is not less than $500,000. Compl. ¶ 10.

### 3. Plaintiffs were not paid minimum wage in November 2018

Plaintiffs were not paid any wages for the work they performed between November 1, 2018 and the morning of November 19, 2018. Compl. ¶¶ 59-67.

### 4. None of the exemptions of 29 U.S.C. § 213 apply to Plaintiffs' unpaid work

The only exemption that could possibly apply to Plaintiffs is the executive, administrative, or professional employee exemption of 29 U.S.C. § 213(a)(1), however, this exemption does not apply because Defendants did not pay Plaintiffs' a minimum salary of $455 per week. "To qualify as an exempt executive, administrative or professional employee under section 13(a)(1) of the Act, an employee must be compensated on a salary basis at a rate of not less than $455 per week . . . .". 29 C.F.R. § 541.600(a); *Acosta v. Vera's White Sands Beach Club, LLC*, Civil Action No. 8:16-cv-00782-PX, 2019 U.S. Dist. LEXIS 67603, at *15 (D. Md. Apr. 22, 2019). Because Defendants did not pay Plaintiffs $455 per week, no exemption under Section 213 applies.

## V. Defendants Are Liable For Retaliation In Violation Of The FLSA

To establish FLSA retaliation, a plaintiff must show that (1) he engaged in an activity protected by the FLSA; (2) he suffered an adverse action by the employer subsequent to or contemporaneous with the protected activity; and (3) a causal connection exists between his protected activity and the employer's adverse action. 29 U.S.C. § 215(a)(3); *Darveau v. Detecon, Inc.*, 515 F. 3d 334, 340 (4th Cir. 2008). A plaintiff engages in FLSA-protected activity when he raises a complaint that is "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the [FLSA] and a call

for their protection." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011).

In this case, Plaintiffs engaged in protected activity by jointly emailing Defendants and requesting that they pay their wages or Plaintiffs would "be forced to make a complaint to the Virginia Labor Board." Compl. ¶ 62. A reasonable employer would understand this to be calling for an assertion of the right to be paid for work, which is a right that emanates from the FLSA.

Plaintiffs suffered the adverse action of being sent home the day they met with Defendant Boice to demand payment and the adverse action of being terminated following being granted leave until the Monday after Thanksgiving 2018. Compl. ¶¶ 64-67.

There is also a clear causal connection to both adverse actions as Defendant Boice sent the employees home immediately after becoming enraged at them for demanding payment and terminated them without allowing them to return to work. Compl. ¶¶ 63-67. The short time between Plaintiffs' protected activity and the adverse action and Defendant Boice's anger at Plaintiffs over their demand for payment is sufficient evidence of causation. *See, e.g., Gibson v. Only Choice Home Health Care Agency*, LLC, Civil Action No. 1:18cv0339 (LO/JFA), 2018 U.S. Dist. LEXIS 207312, at *14 (E.D. Va. Nov. 16, 2018).

### VI. Defendants Are Liable For Breach Of Contract

Under Virginia law, the elements of a breach of contract action are: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Precision Franchising LLC v. Dist. Heights CCS LLC*, Civil Action No. 1:18-cv-582 (LMB/TCB), 2018 U.S. Dist. LEXIS 166437, at *15 (E.D. Va. Aug. 29, 2018). Plaintiffs had written employment contracts with Defendant Trustify to work in exchange for set wages, some of which that were later orally modified to provide Plaintiffs raises. Compl. ¶ 17. Defendant Trustify breached its obligation to

pay Plaintiffs for their work in November 2018, causing Plaintiffs damages as outlined below. Compl. ¶ 19.

Defendant Boice is also liable to Plaintiffs for Trustify's breach of contract because there are grounds to pierce the corporate veil. Under Virginia law, a court may pierce the corporate veil to find that an individual is the alter ego of a corporation where it finds (i) a unity of interest and ownership between the individual and the corporation, and (ii) that the individual used the corporation to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage. *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 434 (4th Cir. 2011).

To make a finding of unity of interest and ownership under the first prong, courts consult a number of factors, including: (1) comingling of personal and corporate funds; (2) siphoning business assets into personal pockets or accounts; (3) undercapitalization of the business; and (4) whether business formalities were observed. *McCarthy v. Giron*, No. 1:13-CV-1559-GBL, 2014 U.S. Dist. LEXIS 79007, 2014 WL 2696660, at *15 (E.D. Va. June 6, 2014). To make a finding under the second factor, courts ultimately must determine "if there was a legitimate business purpose for the conduct in question." *Id.*

Here, Defendant Boice commingled Trustify's funds with his personal funds and used Trustify's assets to pay for his personal expenses. Compl. ¶ 21. Boice also undercapitalized Trustify to the point that Trustify was unwilling or unable to pays its employees or vendors. Compl. ¶¶ 56-67. Boice used the corporate form to commit an injustice against Plaintiffs by deciding not to pay them and instead use Trusify funds for personal reasons. Compl. ¶ 21. This is sufficient to pierce the corporate veil.

### VII. Plaintiffs Are Entitled To Damages

As a result of the Defendant's violations of the FLSA and breach of contract, Plaintiffs are entitled to damages, as explained below. The FLSA (and the Commonwealth of Virginia) requires employers to keep certain records of hours worked and wages paid. 29 U.S.C. § 211(c). Failure to do so is an independent violation of the FLSA. 29 U.S.C. § 215(a)(5). More significantly, where the employer fails to keep adequate records, the employee enjoys a lenient burden of proof. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). As the Supreme Court held in *Anderson*, "[A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer . . . . If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. . . . It is enough under these circumstances if there is a basis for a reasonable inference as to the extent of the damages. 328 U.S. at 687-88. Thus, plaintiffs in FLSA litigation must only show the amount and extent of their improperly compensated work "as a matter of just and reasonable inference." *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985) (*quoting Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). An employee's testimony as to his recollection of the hours he worked and the pay he received is often sufficient to establish a prima facie case of wages owed. *Donovan v. Kentwood Development Co., Inc.*, 549 F. Supp. 480, 485 (D. Md. 1982).

Furthermore, in FLSA cases, employees routinely are awarded an amount of liquidated damages equal to unpaid wages. See 29 U.S.C. § 216(b); *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1118 (4th Cir. 1985). An employer may attempt to show that the violation of FLSA was in

good faith in an effort to avoid payment of the liquidated amount. See 29 U.S.C. § 260; *Donovan*, 780 F.2d at 1118. In this case, the employer has failed to appear and present any defense to plaintiff's claim of a willful violation of FLSA. Accordingly, an award of liquidated damages equal to the unpaid wages is appropriate.

   a. *Damages owed Matthew Scott*

Plaintiff Matthew Scott is owed $609.00 in unpaid minimum wage for the twelve full days he worked in November 2018 for seven hours each day.  Ex. A, Scott Affidavit, ⁋ 13.  Scott is owed an equal amount, $609.00, in liquidated damages for unpaid minimum wage.

Scott is owed $24,628.77 in lost wages for retaliation in violation of the FLSA, which represents his weekly wage of $1,442.30 multiplied by the 22 weeks between November 26 and April 29 minus the $7,102 in wages he earned since obtaining a job that paid him $13.25 per hour for forty hours per week for thirteen weeks and two work days since January 24, 2019.  Ex. A, Scott Affidavit, ⁋ 27.  Plaintiff is owed an equal amount in liquidated damages.

Pursuant to breach of contact claims, Scott is owed $5,342 for the 26 days of November 2018 he was employed by Trustify but not paid, representing his annual salary of $75,000 divided by 365 days in a year multiplied by the 26 days he was employed and not paid in November 2018.[1] Ex. A, Scott Affidavit, ⁋ 13.

   *Damages owed Elisabeth Nugent*

Plaintiff Elisabeth Nugent is owed $609.00 in unpaid minimum wage for the twelve full days she worked in November 2018 for seven hours each day.  Ex. B, Nugent Affidavit, ⁋ 13. Nugent is owed an equal amount, $609.00, in liquidated damages for unpaid minimum wage.

---

[1] In calculating the total damages owed each Plaintiff, the minimum wage damages, if awarded, should be subtracted from the amount owed pursuant to the contract to avoid recovery of both minimum wage and contract wages for the hours worked in November 2018.

Nugent is owed $8,480.77 in lost wages for retaliation in violation of the FLSA, which represents her weekly wage of $1,211.53 multiplied by the 7 weeks between November 26 and January 14, 2019.  Ex. B, Nugent Affidavit, ¶ 27.  Plaintiff is owed an equal amount in liquidated damages.

Pursuant to breach of contact claims, Nugent is owed $4,487.67 for the 26 days of November 2018 she was employed by Trustify but not paid, representing her annual salary of $63,000 divided by 365 days in a year multiplied by the 26 days she was employed and not paid in November 2018.  Ex. B, Nugent Affidavit, ¶ 13.

*Damages owed Kevin Wiggins*

Plaintiff Kevin Wiggins is owed $609.00 in unpaid minimum wage for the twelve full days he worked in November 2018 for seven hours each day.  Ex. C, Wiggins Affidavit, ¶ 12.  Wiggins is owed an equal amount, $609.00, in liquidated damages for unpaid minimum wage.

Wiggins is owed $9,726.03 in lost wages for retaliation in violation of the FLSA, which represents his annual salary of $50,000 divided by 365 days in a year multiplied by the 71 days between November 26 and February 5, 2019 when Wiggins began a new job.  Ex. C, Wiggins Affidavit, ¶ 26.  Plaintiff is owed an equal amount in liquidated damages.

Pursuant to breach of contact claims, Wiggins is owed $3,561.64 for the 26 days of November 2018 he was employed by Trustify but not paid, representing his annual salary of $50,000 divided by 365 days in a year multiplied by the 26 days he was employed and not paid in November 2018.  Ex. C, Wiggins Affidavit, ¶ 12.

*Damages owed Stacy Blackburn*

Plaintiff Stacy Blackburn is owed $609.00 in unpaid minimum wage for the twelve full days she worked in November 2018 for seven hours each day. Ex. D, Blackburn Affidavit, ¶ 13. Blackburn is owed an equal amount, $609.00, in liquidated damages for unpaid minimum wage.

Blackburn is owed $29,534.25 in lost wages for retaliation in violation of the FLSA, which represents her annual salary of $70,000 divided by 365 days per year multiplied by the 154 days November 26 and April 29, 2018. Ex. D, Blackburn Affidavit, ¶ 27. Plaintiff is owed an equal amount in liquidated damages.

Pursuant to breach of contact claims, Blackburn is owed $4,986.30 for the 26 days of November 2018 she was employed by Trustify but not paid, representing her annual salary of $70,000 divided by 365 days in a year multiplied by the 26 days she was employed and not paid in November 2018. Ex. D, Blackburn Affidavit, ¶ 13.

*Damages owed Bey Wesley*

Plaintiff Bey Wesley is owed $609.00 in unpaid minimum wage for the twelve full days he worked in November 2018 for seven hours each day. Ex. E, Wesley Affidavit, ¶ 12. Wesley is owed an equal amount, $609.00, in liquidated damages for unpaid minimum wage.

Wesley is owed $9,531.51 in lost wages for retaliation in violation of the FLSA, which represents his annual salary of $49,000 divided by 365 days in a year multiplied by the 71 days between November 26 and February 5, 2019 when Wesley began a new job. Ex. E, Wesley Affidavit, ¶ 26. Plaintiff is owed an equal amount in liquidated damages.

Pursuant to breach of contact claims, Wesley is owed $3,490.41 for the 26 days of November 2018 he was employed by Trustify but not paid, representing his annual salary of

$49,000 divided by 365 days in a year multiplied by the 26 days he was employed and not paid in November 2018.  Ex. E, Wesley Affidavit, ¶ 12.

*Damages owed Matthew Blanchard*

Plaintiff Matthew Blanchard is owed $609.00 in unpaid minimum wage for the twelve full days he worked in November 2018 for seven hours each day.  Ex. F, Blanchard Affidavit, ¶ 13.  Blanchard is owed an equal amount, $609.00, in liquidated damages for unpaid minimum wage.

Blanchard is owed $1,726.03 in lost wages for retaliation in violation of the FLSA, which represents his annual salary of $42,000 divided by 365 days in a year multiplied by the 15 days between November 19 and December 3, 2018 when Blanchard began a new job.  Ex. F, Blanchard Affidavit, ¶ 25.

Pursuant to breach of contact claims, Blanchard is owed $2,686.30 for the 19 days of November 2018 he was employed by Trustify but not paid, representing his annual salary of $42,000 divided by 365 days in a year multiplied by the 19 days he was employed and not paid in November 2018 plus $500.00 in unpaid and owed commission.  Ex. F, Blanchard Affidavit, ¶ 13.

*Damages owed Bernadette Vielhaber*

Plaintiff Bernadette Vielhaber is owed $609.00 in unpaid minimum wage for the twelve full days she worked in November 2018 for seven hours each day.  Ex. G, Vielhaber Affidavit, ¶ 13.  Vielhaber is owed an equal amount, $609.00, in liquidated damages for unpaid minimum wage.

Vielhaber is owed $29,534.25 in lost wages for retaliation in violation of the FLSA, which represents her annual salary of $70,000 divided by 365 days per year multiplied by the 154 days November 26 and April 29, 2018.  Ex. G, Vielhaber Affidavit, ¶ 27.  Plaintiff is owed an equal amount in liquidated damages.

Pursuant to breach of contact claims, Vielhaber is owed $4,986.30 for the 26 days of November 2018 she was employed by Trustify but not paid, representing her annual salary of $70,000 divided by 365 days in a year multiplied by the 26 days she was employed and not paid in November 2018.  Ex. G, Vielhaber Affidavit, ¶ 13.

*Damages owed Andrew Little*

Plaintiff Andrew Little is owed $609.00 in unpaid minimum wage for the twelve full days he worked in November 2018 for seven hours each day.  Ex. H, Little Affidavit, ¶ 13.  Little is owed an equal amount, $609.00, in liquidated damages for unpaid minimum wage.

Little is owed $8,493.15 in lost wages for retaliation in violation of the FLSA, which represents his annual salary of $50,000 divided by 365 days in a year multiplied by the 62 days between November 26 and January 27, 2019 when Little began a new job.  Ex. H, Little Affidavit, ¶ 27.  Plaintiff is owed an equal amount in liquidated damages.

Pursuant to breach of contact claims, Little is owed $4,861.64 for the 26 days of November 2018 he was employed by Trustify but not paid, representing his annual salary of $50,000 divided by 365 days in a year multiplied by the 26 days he was employed and not paid in November 2018 plus $1,300 in unpaid commission.  Ex. H, Little Affidavit, ¶ 13.

### VIII.   Plaintiffs Are Entitled To Attorneys Fees

Pursuant to 29 U.S.C. § 216, Plaintiffs seek an award of $16,848 in attorneys' fees and $636 in costs.  Exhibit I, Affidavit of Jack Jarrett

### CONCLUSION

For the foregoing reasons, Plaintiffs request the Court grant its motion and award default judgment against Defendants Trustify and Boice in the following amounts:

a. $55,208.54 to Plaintiff Scott, totaling $5,342 in contract wages, $609 in FLSA

liquidated damages for unpaid minimum wages, and $24,628.77 in FLSA retaliation damages and an equal amount in liquidated damages.

b. $22,058.21 to Plaintiff Nugent, totaling $4,487.67 in contract wages, $609 in FLSA liquidated damages for unpaid minimum wages, and $8,480.77 in FLSA retaliation damages and an equal amount in liquidated damages.

c. $23,622.70 to Plaintiff Wiggins, totaling $3,561.64 in contract wages, $609 in FLSA liquidated damages for unpaid minimum wages, and $9,726.03 in FLSA retaliation damages and an equal amount in liquidated damages.

d. $64,663.80 to Plaintiff Blackburn, totaling $4,986.30 in contract wages, $609 in FLSA liquidated damages for unpaid minimum wages, and $29,534.25 in FLSA retaliation damages and an equal amount in liquidated damages.

e. $23,162.43 to Plaintiff Wesley, totaling $3,490.41 in contract wages, $609 in FLSA liquidated damages for unpaid minimum wages, and $9,531.51 in FLSA retaliation damages and an equal amount in liquidated damages.

f. $6,747.36 to Plaintiff Blanchard, totaling $2,686.30 in contract wages, $609 in FLSA liquidated damages for unpaid minimum wages, and $1,726.03 in FLSA retaliation damages and an equal amount in liquidated damages.

g. $64,663.80 to Plaintiff Vielhaber, totaling $4,986.30 in contract wages, $609 in FLSA liquidated damages for unpaid minimum wages, and $29,534.25 in FLSA retaliation damages and an equal amount in liquidated damages.

h. $22,456.94 to Plaintiff Blackburn, totaling $4,861.64 in contract wages, $609 in FLSA liquidated damages for unpaid minimum wages, and $8,493.15 in FLSA retaliation damages and an equal amount in liquidated damages.

i. $16,848 in attorneys' fees and $636 in costs.

RESPECTFULLY SUBMITTED,

Alan Lescht & Associates, P.C.

By:/s/_____
Jack Jarrett [VSB# 86176]
1825 K Street, N.W., Suite 750
Washington, D.C. 20006
T: 202.463.6036
F: 202.463.6067
jack.jarrett@leschtlaw.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 30, 2019, a true and correct copy of the foregoing Memorandum of Law in Support of Plaintiffs' Amended Motion for Default Judgment was served by First Class Mail on Defendants at their last known addresses:

Daniel K. Boice
8805 Winthrop Dr.
Alexandria, VA 22202

and

Trustify, Inc.
200 12th St. South, # 801
Arlington, VA 22308

/s/_____
Jack Jarrett
*Counsel for Plaintiffs*