# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MATTHEW SCOTT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TRUSTIFY, INC., et al., <br><br> Defendants. | ) <br> ) <br> )     Civ. Action No. 1:19-cv-00032 (LO/MSN) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT OF MATTHEW SCOTT

I, Matthew Scott, affirm that I am competent to testify to the matters stated herein, deposes and says:

1. I am an adult citizen of the U.S., competent to testify to the matters in this Affidavit, and I have personal knowledge of the facts set forth herein.

2. I am a Plaintiff in the above-captioned matter and a former employee of Trustify, Inc. ("Trustify") and Daniel Boice.

3. I began working for Trustify and Boice on March 13, 2017 in Arlington, Virginia.

4. Trustify is a start-up technology company that operated an application to connect private investigators with individuals and businesses.

5. Daniel K. Boice is the founder and CEO of Trustify.

6. In Boice's capacity with Trustify, Boice individually:

    a. was personally in charge of managing and controlling the business operations of Trustify;

    b. was my most senior manager and supervisor;

    c. oversaw and evaluated my job duties;

    d. made or delegated the decisions to me;

    e. set and determined my job duties and responsibilities;

    f. set and determined my rate and method of pay;

    g. set, controlled, and monitored my work schedule;

    h. maintained or caused to be maintained all work and employment records relating to me; and

    i. had full authority to fire me, which he exercised on November 26, 2018.

7. Boice was the principal owner of Trustify and controlled how Trustify used its funds.

8. In 2018, Boice used Trustify funds to pay for personal expenses, including approximately $600,000 for a documentary about Boice and his wife, and Boice also promised to pay expenses related to a personal lawsuit with Trustify funds.

9. Trustify and Boice provided an online private investigator platform that connected customers with private investigators in a manner that crossed state borders.

10. Trustify and Boice had a gross annual revenue that exceeded $500,000.00.

11. I was initially paid $75,000 per year pursuant to an offer letter I received from Trustify.

12. My offer letter is attached as Exhibit 1.

13. From November 1, 2018 until November 26, 2018, I worked each week day from approximately 9am until approximately 5 pm with a 1-hour lunch break, except for between approximately 9am-5pm on November 19-November 23, 2018 I and the other Plaintiffs were sent home on paid time off and paid holiday leave.

14. By fall of 2018, Trustify was in financial distress.

15. Trustify stopped paying amounts owed to some vendors.

16. On Thursday, November 15, 2018, which was payday for Plaintiffs for their work from November 1-14, Boice claimed that he was going to the bank to get Trustify's employees' paychecks and left the office.

17. Boice did not return that or the next day.

18. On Friday, November 16, 2018, I and the other Plaintiffs emailed Boice and formally requested payment for our unpaid wages and that Trustify appropriately pay our unpaid tax withholdings for October 2018.

19. The November 16, 2018 email stated that if Trustify did not pay us that we would "be forced to make a complaint to the Virginia Labor Board."

20. On Monday, November 19, I and the other Plaintiffs met with Boice and asked about our paychecks.

21. Boice became extremely angry and threatening toward us and told us to leave.

22. Trustify Vice President Matthew De Leon instructed the us to take paid time off for the rest of the day Monday, Tuesday, and Wednesday and we had paid holidays on Thanksgiving, November 22 and Friday, November 23.

23. Trustify, meanwhile, deactivated our access to company email and instant messaging systems on Monday, November 19, 2018.

24. On the morning of November 26, 2018, Boice emailed me and terminated my employment.

25. Trustify and Boice have not paid me for the work I performed in November 2018.

26. This totals $5,352.47.

27. Following my termination, I did not begin another job until January 24, 2019. My new position pays me $13.25 per hour and I work forty hours per week.

28. My lost wages between the time of my termination and April 29, 2019 equal $24,628.77.

DATED this ____6____ day of       **May**       , 2019


                                            Matthew Scott

2

# EXHIBIT 1



**Trustify™**

2200 Crystal Drive 8th Floor, Arlington, VA 22202

February 27, 2017

Dear Matthew Scott,

Trustify Inc., a Delaware corporation (the "Company"), is pleased to offer you employment with the Company on the terms described below.

**1.     Position.**  You will start in a full-time position as a Junior Front-End Engineer and you will initially report to our Director of Technology, Ryan Flynn.

Your primary duties will include Front-End Development for our Product Engineering team. By signing this letter, you confirm with the Company that you are under no contractual or other legal obligations that would prohibit you from performing your duties with the Company.

**2.     Compensation and Employee Benefits.**  You will be paid a starting salary at the rate of $65,000.00 per year.

You will receive benefits for medical, dental and more. Trustify's benefits are run through UnitedHealthcare and include a range of plans from low deductible to high. Trustify contributes 100% up to a capped amount for medical. For dental and vision the company contributes 50% of the premiums. Trustify completely covers the costs of a standard $100,000 life insurance policy, short term disability, and long term disability for all employees.

Other benefits include 2 weeks of Paid Time Off, three paid sick days, and your birthday off. Employees have the chance to earn additional PTO through our 8-for-8 policy- for every 8 hours of community service conducted with Trustify the employee has the potential to earn an additional 8 hours of PTO to use on a service event of their choice. We enjoy weekly happy hours, game nights, company sponsored outings, and casual attire.

**3.     Confidential Information and Invention Assignment Agreement.**  Like all Company employees, you will be required, as a condition of your employment with the Company, to sign the Company's enclosed standard Confidential Information and Invention Assignment Agreement.  Further, you hereby assign all right, title and interest in the work produced during your service as an employee

of Trustify, except that you retain display rights in the work, i.e., for use in portfolios, exhibitions and other self-promotion channels.

**4.**     **Employment Relationship.** Employment with the Company is for no specific period of time. Your employment with the Company will be "at will," meaning that either you or the Company may terminate your employment at any time and for any reason, with or without cause. Any contrary representations which may have been made to you are superseded by this offer. This is the full and complete agreement between you and the Company on this term. Although your job duties, title, compensation and benefits, as well as the Company's personnel policies and procedures, may change from time to time, the "at will" nature of your employment may only be changed in an express written agreement signed by you and the Company's Chief Executive Officer.

**5.**     **Outside Activities.** While you render services to the Company, you agree that you will not engage in any other employment, consulting or other business activity without the written consent of the Company.

**6.**     **Taxes, Withholding and Required Deductions.** All forms of compensation referred to in this letter are subject to all applicable taxes, withholding and any other deductions required by applicable law.

**7.**     **Miscellaneous.**

      **(a)**     **Governing Law.** The validity, interpretation, construction and performance of this letter, and all acts and transactions pursuant hereto and the rights and obligations of the parties hereto shall be governed, construed and interpreted in accordance with the laws of Delaware, without giving effect to principles of conflicts of law.

      **(b)**     **Entire Agreement.** This letter sets forth the entire agreement and understanding of the parties relating to the subject matter herein and supersedes all prior or contemporaneous discussions, understandings and agreements, whether oral or written, between them relating to the subject matter hereof.

      **(c)**     **Counterparts.** This letter may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and all of which together shall constitute one and the same agreement. Execution of a facsimile copy will have the same force and effect as execution of an original, and a facsimile signature will be deemed an original and valid signature.

      **(d)**     **Electronic Delivery.** The Company may, in its sole discretion, decide to deliver any documents or notices related to this Agreement, securities of the Company or any of its affiliates or any other matter, including documents and/or notices required to be delivered to you by applicable securities law or any other law or the Company's Certificate of Incorporation or Bylaws by email or

Doc ID: 0c9e48456645c74e625327a3127b6922437aa25f

any other electronic means.  You hereby consent to (i) conduct business electronically (ii) receive such documents and notices by such electronic delivery and (iii) sign documents electronically and agree to participate through an on-line or electronic system established and maintained by the Company or a third party designated by the Company.

*[Signature Page Follows]*

If you wish to accept this offer, please sign and date both the enclosed duplicate original of this letter and the enclosed Confidential Information and Invention Assignment Agreement and return them to me. As required, by law, your employment with the Company is also contingent upon your providing legal proof of your identity and authorization to work in the United States. This offer, if not accepted, will expire at the close of business on March 2, 2017.

Very truly yours,

TRUSTIFY

By: _____

Name: Daniel K. Boice
Title: CEO

ACCEPTED AND AGREED:

_____ Matthew Scott _____

_____
(Signature)

_____ 02/27/2017 _____
Date:

Anticipated Start Date: March 13, 2017

Attachment A: Confidential Information and Invention Assignment Agreement

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MATTHEW SCOTT, et al.,

     Plaintiffs,

       v.

TRUSTIFY, INC., et al.,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)

Civ. Action No. 1:19-cv-00032 (LO/MSN)

### AFFIDAVIT OF ELISABETH NUGENT

I, Elisabeth Nugent, affirm that I am competent to testify to the matters stated herein, deposes and says:

1.    I am an adult citizen of the U.S., competent to testify to the matters in this Affidavit, and I have personal knowledge of the facts set forth herein.

2.    I am a Plaintiff in the above-captioned matter and a former employee of Trustify, Inc. ("Trustify") and Daniel Boice.

3.    I began working for Trustify and Boice on June 12, 2017 in Arlington, Virginia.

4.    Trustify is a start-up technology company that operated an application to connect private investigators with individuals and businesses.

5.    Daniel K. Boice is the founder and CEO of Trustify.

6.    In Boice's capacity with Trustify, Boice individually:

    a.    was personally in charge of managing and controlling the business operations of Trustify;

    b.    was my most senior manager and supervisor;

     c.     oversaw and evaluated my job duties;

     d.     made or delegated the decisions to me;

     e.     set and determined my job duties and responsibilities;

     f.     set and determined my rate and method of pay;

     g.     set, controlled, and monitored my work schedule;

     h.     maintained or caused to be maintained all work and employment records relating to me; and

     i.     had full authority to fire me, which he exercised on November 26, 2018.

7.     Boice was the principal owner of Trustify and controlled how Trustify used its funds.

8.     In 2018, Boice used Trustify funds to pay for personal expenses, including approximately $600,000 for a documentary about Boice and his wife, and Boice also promised to pay expenses related to a personal lawsuit with Trustify funds.

9.     Trustify and Boice provided an online private investigator platform that connected customers with private investigators in a manner that crossed state borders.

10.     Trustify and Boice had a gross annual revenue that exceeded $500,000.00.

11.     I was initially paid $52,000 per year pursuant to an offer letter I received from Trustify. I was later provided raises and my salary was $63,000 per year as of

12.     My offer letter is attached as Exhibit 1.

13.     From November 1, 2018 until November 26, 2018, I worked each week day from approximately 9am until approximately 5 pm with a 1-hour lunch break, except for between approximately 9am-5pm on November 19-November 23, 2018 I and the other Plaintiffs were sent home on paid time off and paid holiday leave.

14.     By fall of 2018, Trustify was in financial distress.

15.     Trustify stopped paying amounts owed to some vendors.

16.     On Thursday, November 15, 2018, which was payday for Plaintiffs for their work from November 1-14, Boice claimed that he was going to the bank to get Trustify's employees' paychecks and left the office.

17.     Boice did not return that or the next day.

18.     On Friday, November 16, 2018, I and the other Plaintiffs emailed Boice and formally requested payment for our unpaid wages and that Trustify appropriately pay our unpaid tax withholdings for October 2018.

19.     The November 16, 2018 email stated that if Trustify did not pay us that we would "be forced to make a complaint to the Virginia Labor Board."

20.     On Monday, November 19, I and the other Plaintiffs met with Boice and asked about our paychecks.

21.     Boice became extremely angry and threatening toward us and told us to leave.

22.     Trustify Vice President Matthew De Leon instructed the us to take paid time off for the rest of the day Monday, Tuesday, and Wednesday and we had paid holidays on Thanksgiving, November 22 and Friday, November 23.

23.     Trustify, meanwhile, deactivated our access to company email and instant messaging systems on Monday, November 19, 2018.

24.     On the morning of November 26, 2018, Boice emailed me and terminated my employment.

25.     Trustify and Boice have not paid me for the work I performed in November 2018.

26.     This totals $4,487.67.

3

27.     Following my termination, I did not begin another job until January 14, 2019.  My new position pays me more than I was earning at Trustify.

28.     My lost wages between the time of my termination and January 14, 2019 equals $8,480.77.

DATED this _07_ day of _May_, 2019

_Elisabeth Nugent_
Elisabeth Nugent

4

# EXHIBIT 1



200 12th Street Suite 801, Arlington, VA 22202

May 25, 2017

Dear Elisabeth Nugent,

Trustify Inc., a Delaware corporation (the "Company"), is pleased to conditionally offer you employment with the Company on the terms described below.

**1.**          **Position.**  You will start in a full-time position as a Manager of Investigations Network and you will initially report to Matthew De Leon, VP of Investigations.

Your primary duties will include investigations network growth and management. By signing this letter, you confirm with the Company that you are under no contractual or other legal obligations that would prohibit you from performing your duties with the Company.

**2.**          **Compensation and Employee Benefits.**   Your annual salary will be $52,000.00, payable in accordance with the Company's normal payroll cycle.  As an exempt employee, you will not be entitled to overtime pay and your salary is intended to cover all hours worked including any hours worked in excess of 40 in a workweek or overtime as otherwise mandated by applicable state law.

**3.**          During your employment, you will be eligible for employee benefits consistent with the Company's practices and applicable law and in accordance with the terms of the applicable benefit plans as they currently exist and subject to any future modifications in the Company's discretion. Trustify's benefits are currently run through UnitedHealthcare and include a range of plans from low deductible to high. Trustify contributes 100% up to a capped amount for medical. For dental and vision the company contributes 50% of the premiums. Trustify completely covers the costs of a standard $100,000 life insurance policy, short term disability, and long term disability for all employees.

Other benefits include 2 weeks of Paid Time Off, three paid sick days, and your birthday off. Employees have the chance to earn additional PTO through our 8-for-8 policy- for every 8 hours of community service conducted with Trustify the employee has the potential to earn an additional 8 hours of PTO to use on a service event of their choice. We enjoy weekly happy hours, game nights, company sponsored outings, and casual attire.

**4.**          **Confidential Information and Invention Assignment Agreement.** Like all Company employees, you will be required, as a condition of your employment with the Company, to sign the Company's enclosed standard Confidential Information and Invention Assignment Agreement. Further, you hereby assign all right, title and interest in the work produced during your service as an employee of Trustify, except that you retain display rights in the work, i.e., for use in portfolios, exhibitions and other self-promotion channels.

**5.**          **Employment Relationship.** Employment with the Company is for no specific period of time. Your employment with the Company will be "at will," meaning that either you or the Company may terminate your employment at any time and for any reason, with or without cause or notice. Any contrary representations which may have been made to you are superseded by this offer. This is the full and complete agreement between you and the Company on this term. Although your job duties, title, compensation and benefits, as well as the Company's personnel policies and procedures, may change from time to time, the "at will" nature of your employment may only be changed in an express written agreement signed by you and the Company's Chief Executive Officer.

**6.**          **Outside Activities.** While you render services to the Company, you agree that you will not engage in any other employment, consulting or other business activity without the written consent of the Company.

**7.**          **Taxes, Withholding and Required Deductions.** All forms of compensation referred to in this letter are subject to all applicable taxes, withholding and any other deductions required by applicable law.

**8.**          **No Contract Violation**. By signing below, you acknowledge, represent and warrant to the Company that you are not now under any obligation of a contractual nature to any person, business or other entity which is inconsistent or in conflict with this letter or which would prevent you from performing your obligations for the Company.

**9.**          **Background Investigation.** Initial and continued employment with the Company is contingent upon your successful completion of all of the Company's lawful employment background checks. Unsatisfactory results, refusal to cooperate with, or any attempts to affect the results of employment background checks will result in withdrawal of any employment offer, or termination of employment if already employed. By signing below, you authorize the Company or its designee to inquire into your educational, criminal, professional and/or past employment history as needed to research your qualifications for this or any future position; and you agree to execute any necessary consents to perform such checks. By signing below you also authorize any person, school, current employer, past employer, organization or law enforcement agency to provide Trustify or its designee with any information or opinion requested by Trustify in connection with its background investigation, including but not limited to information concerning your

performance, reputation and character, and you release such persons and organizations from any legal liability in providing such statement or opinions whether they are positive or negative in nature.

**10.**         **Miscellaneous.**

**(a)**      **Governing Law.** The validity, interpretation, construction and performance of this letter, and all acts and transactions pursuant hereto the rights and obligations of the parties hereto shall be governed, construed and interpreted in accordance with the laws of Delaware, without giving effect to principles of conflicts of law.

**(b)**      **Entire Agreement.** This letter sets forth the entire agreement and understanding of the parties relating to the subject matter herein and supersedes all prior or contemporaneous discussions, understandings and agreements, whether oral or written, between them relating to the subject matter hereof.

**(c)**      **Counterparts.** This letter may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and all of which together shall constitute one and the same agreement. Execution of a facsimile copy will have the same force and effect as execution of an original, and a facsimile signature will be deemed an original and valid signature.

**(d)**      **Electronic Delivery.** The Company may, in its sole discretion, decide to deliver any documents or notices related to this Agreement, securities of the Company or any of its affiliates or any other matter, including documents and/or notices required to be delivered to you by applicable securities law or any other law or the Company's Certificate of Incorporation or Bylaws by email or any other electronic means. You hereby consent to (i) conduct business electronically (ii) receive such documents and notices by such electronic delivery and (iii) sign documents electronically and agree to participate through an on-line or electronic system established and maintained by the Company or a third party designated by the Company.

*[Signature Page Follows]*

If you wish to accept this offer, please sign and date both the enclosed duplicate original of this letter and the enclosed Confidential Information and Invention Assignment Agreement and return them to me. As required, by law, your employment with the Company is also contingent upon your providing legal proof of your identity and authorization to work in the United States. This offer, if not accepted, will expire at the close of business on Monday May 29, 2017.

Very truly yours,

TRUSTIFY

By: _____

Name: Daniel K. Boice
Title: CEO

ACCEPTED AND AGREED:

Elisabeth Nugent
_____

*Elisabeth Nugent*
_____
(Signature)

05/26/2017
_____
Date:

Anticipated Start Date: June 12, 2017

Attachment A: Confidential Information and Invention Assignment Agreement

# EXHIBIT C

DocuSign Envelope ID: F7AAEDFC-76F1-41D2-907D-45B2CE7A799C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| MATTHEW SCOTT, et al., | ) | |
| | ) | |
| | ) | Civ. Action No. 1:19-cv-00032 (LO/MSN) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRUSTIFY, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AFFIDAVIT OF KEVIN WIGGINS

I, Kevin Wiggins, affirm that I am competent to testify to the matters stated herein, deposes and says:

1.      I am an adult citizen of the U.S., competent to testify to the matters in this Affidavit, and I have personal knowledge of the facts set forth herein.

2.      I am a Plaintiff in the above-captioned matter and a former employee of Trustify, Inc. ("Trustify") and Daniel Boice.

3.      I began working for Trustify and Boice on July 5, 2017 in Arlington, Virginia.

4.      Trustify is a start-up technology company that operated an application to connect private investigators with individuals and businesses.

5.      Daniel K. Boice is the founder and CEO of Trustify.

6.      In Boice's capacity with Trustify, Boice individually:

    a.      was personally in charge of managing and controlling the business operations of Trustify;

    b.      was my most senior manager and supervisor;

DocuSign Envelope ID: F7AAEDFC-76F1-41D2-907D-45B2CE7A799C

    c.    oversaw and evaluated my job duties;

    d.    made or delegated the decisions to me;

    e.    set and determined my job duties and responsibilities;

    f.    set and determined my rate and method of pay;

    g.    set, controlled, and monitored my work schedule;

    h.    maintained or caused to be maintained all work and employment records relating to me; and

    i.    had full authority to fire me, which he exercised on November 26, 2018.

7. Boice was the principal owner of Trustify and controlled how Trustify used its funds.

8. In 2018, Boice used Trustify funds to pay for personal expenses, including approximately $600,000 for a documentary about Boice and his wife, and Boice also promised to pay expenses related to a personal lawsuit with Trustify funds.

9. Trustify and Boice provided an online private investigator platform that connected customers with private investigators in a manner that crossed state borders.

10. Trustify and Boice had a gross annual revenue that exceeded $500,000.00.

11. I was paid $50,000 per year pursuant to an offer letter I received from Trustify.

12. From November 1, 2018 until November 26, 2018, I worked each week day from approximately 9am until approximately 5 pm with a 1-hour lunch break, except for between approximately 9am-5pm on November 19-November 23, 2018 when I and the other Plaintiffs were sent home on paid time off and paid holiday leave.

13. By fall of 2018, Trustify was in financial distress.

14. Trustify stopped paying amounts owed to some vendors.

DocuSign Envelope ID: F7AAEDFC-76F1-41D2-907D-45B2CE7A799C

15.     On Thursday, November 15, 2018, which was payday for Plaintiffs for their work from November 1-14, Boice claimed that he was going to the bank to get Trustify's employees' paychecks and left the office.

16.     Boice did not return that or the next day.

17.     On Friday, November 16, 2018, I and the other Plaintiffs emailed Boice and formally requested payment for our unpaid wages and that Trustify appropriately pay our unpaid tax withholdings for October 2018.

18.     The November 16, 2018 email stated that if Trustify did not pay us that we would "be forced to make a complaint to the Virginia Labor Board."

19.     On Monday, November 19, I and the other Plaintiffs met with Boice and asked about our paychecks.

20.     Boice became extremely angry and threatening toward us and told us to leave.

21.     Trustify Vice President Matthew De Leon instructed the us to take paid time off for the rest of the day Monday, Tuesday, and Wednesday and we had paid holidays on Thanksgiving, November 22 and Friday, November 23.

22.     Trustify, meanwhile, deactivated our access to company email and instant messaging systems on Monday, November 19, 2018.

23.     On the morning of November 26, 2018, Boice emailed me and terminated my employment.

24.     Trustify and Boice have not paid me for the work I performed in November 2018.

25.     This totals $3,561.64.

26.     Following my termination, I did not begin another job until February 5, 2019. My new position pays me more than I was earning at Trustify.

3

DocuSign Envelope ID: F7AAEDFC-76F1-41D2-907D-45B2CE7A799C

27.    My lost wages between the time of my termination and January 14, 2019 equals

$9,726.03.

DATED this 9th ____ day of May _____, 2019

DocuSigned by:

*kevin andre Wiggins*

Kevin Wiggins
E5E02C1387A34CA...

4

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MATTHEW SCOTT, et al.,           )
                                 )
        Plaintiffs,              )     Civ. Action No. 1:19-cv-00032 (LO/MSN)
                                 )
            v.                   )
                                 )
TRUSTIFY, INC., et al.,          )
                                 )
        Defendants.              )
                                 )

### AFFIDAVIT OF STACY BLACKBURN

I, Stacy Blackburn, affirm that I am competent to testify to the matters stated herein, deposes and says:

1.    I am an adult citizen of the U.S., competent to testify to the matters in this Affidavit, and I have personal knowledge of the facts set forth herein.

2.    I am a Plaintiff in the above-captioned matter and a former employee of Trustify, Inc. ("Trustify") and Daniel Boice.

3.    I began working for Trustify and Boice on May 7, 2018 in Arlington, Virginia.

4.    Trustify is a start-up technology company that operated an application to connect private investigators with individuals and businesses.

5.    Daniel K. Boice is the founder and CEO of Trustify.

6.    In Boice's capacity with Trustify, Boice individually:

    a.    was personally in charge of managing and controlling the business operations of Trustify;

    b.    was my most senior manager and supervisor;

c.    oversaw and evaluated my job duties;

d.    made or delegated the decisions to me;

e.    set and determined my job duties and responsibilities;

f.    set and determined my rate and method of pay;

g.    set, controlled, and monitored my work schedule;

h.    maintained or caused to be maintained all work and employment records relating to me; and

i.    had full authority to fire me, which he exercised on November 26, 2018.

7.    Boice was the principal owner of Trustify and controlled how Trustify used its funds.

8.    In 2018, Boice used Trustify funds to pay for personal expenses, including approximately $600,000 for a documentary about Boice and his wife, and Boice also promised to pay expenses related to a personal lawsuit with Trustify funds.

9.    Trustify and Boice provided an online private investigator platform that connected customers with private investigators in a manner that crossed state borders.

10.    Trustify and Boice had a gross annual revenue that exceeded $500,000.00.

11.    I was paid $70,000 per year pursuant to an offer letter I received from Trustify.

12.    My offer letter is attached as Exhibit 1.

13.    From November 1, 2018 until November 26, 2018, I worked each week day from approximately 9am until approximately 5 pm with a 1-hour lunch break, except for between approximately 9am-5pm on November 19-November 23, 2018 I and the other Plaintiffs were sent home on paid time off and paid holiday leave.

14.    By fall of 2018, Trustify was in financial distress.

15.     Trustify stopped paying amounts owed to some vendors.

16.     On Thursday, November 15, 2018, which was payday for Plaintiffs for their work from November 1-14, Boice claimed that he was going to the bank to get Trustify's employees' paychecks and left the office.

17.     Boice did not return that or the next day.

18.     On Friday, November 16, 2018, I and the other Plaintiffs emailed Boice and formally requested payment for our unpaid wages and that Trustify appropriately pay our unpaid tax withholdings for October 2018.

19.     The November 16, 2018 email stated that if Trustify did not pay us that we would "be forced to make a complaint to the Virginia Labor Board."

20.     On Monday, November 19, I and the other Plaintiffs met with Boice and asked about our paychecks.

21.     Boice became extremely angry and threatening toward us and told us to leave.

22.     Trustify Vice President Matthew De Leon instructed the us to take paid time off for the rest of the day Monday, Tuesday, and Wednesday and we had paid holidays on Thanksgiving, November 22 and Friday, November 23.

23.     Trustify, meanwhile, deactivated our access to company email and instant messaging systems on Monday, November 19, 2018.

24.     On the morning of November 26, 2018, Boice emailed me and terminated my employment.

25.     Trustify and Boice have not paid me for the work I performed in November 2018.

26.     This totals $4,986.30.

27.     Following my termination, I did not find employment between November 26, 2018 and April 29, 2019.

28.     My lost wages between the time of my termination and April 29, 2019 equals $29,615.38.

DATED this 7_____ day of May_____, 2019

_Stacy Blackburn_ (signature)
Stacy Blackburn

4

# **EXHIBIT 1**



## Trustify™

200 12ᵗʰ Street Suite 801, Arlington, VA 22202

April 16, 2018

Dear Stacy,

Trustify Inc., a Delaware corporation (the "Company"), is pleased to conditionally offer you employment with the Company on the terms described below.

**1.        Position.** You will start in a full-time position as a Content Producer and you will initially report to Hala Shakra.

Your primary duties will include Content Production for our Product Team. By signing this letter, you confirm with the Company that you are under no contractual or other legal obligations that would prohibit you from performing your duties with the Company.

**2.        Compensation and Employee Benefits.** Your annual salary will be $70,000, payable in accordance with the Company's normal payroll cycle. As an exempt employee, you will not be entitled to overtime pay and your salary is intended to cover all hours worked including any hours worked in excess of 40 in a workweek or overtime as otherwise mandated by applicable state law.

**3.**     During your employment, you will be eligible for employee benefits consistent with the Company's practices and applicable law and in accordance with the terms of the applicable benefit plans as they currently exist and subject to any future modifications in the Company's discretion. Trustify's benefits are currently run through UnitedHealthcare and include a range of plans from low deductible to high. Trustify contributes 100% up to a capped amount for medical. For dental and vision the company contributes 50% of the premiums. Trustify completely covers the costs of a standard $100,000 life insurance policy, short term disability, and long term disability for all employees. Other benefits include 2 weeks of Paid Time Off, three paid sick days, and your birthday off. Employees have the chance to earn additional PTO through our 8-for-8 policy- for every 8 hours of community service conducted with Trustify the employee has the potential to earn an additional 8 hours of PTO to use on a service event of their choice. We enjoy weekly happy hours, game nights, company sponsored outings, and casual attire.

**4.        Confidential Information and Invention Assignment Agreement.** Like all Company employees, you will be required, as a condition of your employment with the Company, to sign the Company's enclosed standard Confidential Information and Invention Assignment Agreement. Further, you hereby assign all right, title and interest

in the work produced during your service as an employee of Trustify, except that you retain display rights in the work, i.e., for use in portfolios, exhibitions and other self-promotion channels.

**5.**        **Employment Relationship.**  Employment with the Company is for no specific period of time.  Your employment with the Company will be "at will," meaning that either you or the Company may terminate your employment at any time and for any reason, with or without cause or notice.  Any contrary representations which may have been made to you are superseded by this offer.  This is the full and complete agreement between you and the Company on this term.  Although your job duties, title, compensation and benefits, as well as the Company's personnel policies and procedures, may change from time to time, the "at will" nature of your employment may only be changed in an express written agreement signed by you and the Company's Chief Executive Officer.

**6.**        **Outside Activities.**  While you render services to the Company, you agree that you will not engage in any other employment, consulting or other business activity without the written consent of the Company.

**7.**        **Taxes, Withholding and Required Deductions.**  All forms of compensation referred to in this letter are subject to all applicable taxes, withholding and any other deductions required by applicable law.

**8.**        **No Contract Violation.**  By signing below, you acknowledge, represent and warrant to the Company that you are not now under any obligation of a contractual nature to any person, business or other entity which is inconsistent or in conflict with this letter or which would prevent you from performing your obligations for the Company.

**9.**        **Background Investigation.**  Initial and continued employment with the Company is contingent upon your successful completion of all of the Company's lawful employment background checks. Unsatisfactory results, refusal to cooperate with, or any attempts to affect the results of employment background checks will result in withdrawal of any employment offer, or termination of employment if already employed.  By signing below, you authorize the Company or its designee to inquire into your educational, criminal, professional and/or past employment history as needed to research your qualifications for this or any future position; and you agree to execute any necessary consents to perform such checks. By signing below you also authorize any person, school, current employer, past employer, organization or law enforcement agency to provide Trustify or its designee with any information or opinion requested by Trustify in connection with its background investigation, including but not limited to information concerning your performance, reputation and character, and you release such persons and organizations from any legal liability in providing such statement or opinions whether they are positive or negative in nature.

**10.**          **Miscellaneous.**

    **(a)**          **Governing Law.** The validity, interpretation, construction and performance of this letter, and all acts and transactions pursuant hereto and the rights and obligations of the parties hereto shall be governed, construed and interpreted in accordance with the laws of Delaware, without giving effect to principles of conflicts of law.

    **(b)**          **Entire Agreement.** This letter sets forth the entire agreement and understanding of the parties relating to the subject matter herein and supersedes all prior or contemporaneous discussions, understandings and agreements, whether oral or written, between them relating to the subject matter hereof.

    **(c)**          **Counterparts.** This letter may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and all of which together shall constitute one and the same agreement. Execution of a facsimile copy will have the same force and effect as execution of an original, and a facsimile signature will be deemed an original and valid signature.

    **(d)**          **Electronic Delivery.** The Company may, in its sole discretion, decide to deliver any documents or notices related to this Agreement, securities of the Company or any of its affiliates or any other matter, including documents and/or notices required to be delivered to you by applicable securities law or any other law or the Company's Certificate of Incorporation or Bylaws by email or any other electronic means. You hereby consent to (i) conduct business electronically (ii) receive such documents and notices by such electronic delivery and (iii) sign documents electronically and agree to participate through an on-line or electronic system established and maintained by the Company or a third party designated by the Company.

*[Signature Page Follows]*

Doc ID: 5bc474ebc5f1b58e27605d0025f7952d8d326b0d

If you wish to accept this offer, please sign and date both the enclosed duplicate original of this letter and the enclosed Confidential Information and Invention Assignment Agreement and return them to me. As required, by law, your employment with the Company is also contingent upon your providing legal proof of your identity and authorization to work in the United States. This offer, if not accepted, will expire at the close of business on April 20,2018.

Very truly yours,

TRUSTIFY

By: _____

Name: Daniel K. Boice
Title: CEO

ACCEPTED AND AGREED:

Stacy Leigh Blackburn
_____

_____
(Signature)

04/16/2018
_____
Date:

Anticipated Start Date: May 7, 2018

Attachment A: Confidential Information and Invention Assignment Agreement

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MATTHEW SCOTT, et al., | ) | |
| | ) | Civ. Action No. 1:19-cv-00032 (LO/MSN) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRUSTIFY, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF BEY WESLEY**

I, Bey Wesley, affirm that I am competent to testify to the matters stated herein, deposes and says:

1. I am an adult citizen of the U.S., competent to testify to the matters in this Affidavit, and I have personal knowledge of the facts set forth herein.

2. I am a Plaintiff in the above-captioned matter and a former employee of Trustify, Inc. ("Trustify") and Daniel Boice.

3. I began working for Trustify and Boice on Marxch 17, 2017 in Arlington, Virginia.

4. Trustify is a start-up technology company that operated an application to connect private investigators with individuals and businesses.

5. Daniel K. Boice is the founder and CEO of Trustify.

6. In Boice's capacity with Trustify, Boice individually:

    a. was personally in charge of managing and controlling the business operations of Trustify;

    b. was my most senior manager and supervisor;

    c. oversaw and evaluated my job duties;

    d. made or delegated the decisions to me;

    e. set and determined my job duties and responsibilities;

    f. set and determined my rate and method of pay;

    g. set, controlled, and monitored my work schedule;

    h. maintained or caused to be maintained all work and employment records relating to me; and

    i. had full authority to fire me, which he exercised on November 26, 2018.

7. Boice was the principal owner of Trustify and controlled how Trustify used its funds.

8. In 2018, Boice used Trustify funds to pay for personal expenses, including approximately $600,000 for a documentary about Boice and his wife, and Boice also promised to pay expenses related to a personal lawsuit with Trustify funds.

9. Trustify and Boice provided an online private investigator platform that connected customers with private investigators in a manner that crossed state borders.

10. Trustify and Boice had a gross annual revenue that exceeded $500,000.00.

11. I was paid $49,000 per year plus commission pursuant to an offer letter I received from Trustify

12. From November 1, 2018 until November 26, 2018, I worked each week day from approximately 9am until approximately 5 pm with a 1-hour lunch break, except for between approximately 9am-5pm on November 19-November 23, 2018 I and the other Plaintiffs were sent home on paid time off and paid holiday leave.

13. By fall of 2018, Trustify was in financial distress.

14. Trustify stopped paying amounts owed to some vendors.

15. On Thursday, November 15, 2018, which was payday for Plaintiffs for their work from November 1-14, Boice claimed that he was going to the bank to get Trustify's employees' paychecks and left the office.

16. Boice did not return that or the next day.

17. On Friday, November 16, 2018, I and the other Plaintiffs emailed Boice and formally requested payment for our unpaid wages and that Trustify appropriately pay our unpaid tax withholdings for October 2018.

18. The November 16, 2018 email stated that if Trustify did not pay us that we would "be forced to make a complaint to the Virginia Labor Board."

19. On Monday, November 19, I and the other Plaintiffs met with Boice and asked about our paychecks.

20. Boice became extremely angry and threatening toward us and told us to leave.

21. Trustify Vice President Matthew De Leon instructed the us to take paid time off for the rest of the day Monday, Tuesday, and Wednesday and we had paid holidays on Thanksgiving, November 22 and Friday, November 23.

22. Trustify, meanwhile, deactivated our access to company email and instant messaging systems on Monday, November 19, 2018.

23. On the morning of November 26, 2018, Boice emailed me and terminated my employment.

24. Trustify and Boice have not paid me for the work I performed in November 2018.

25. This totals $3,490.41.

26. Following my termination, I did not find a new position until February 5, 2019.

27. My lost wages between the time of my termination and February 5, 2019 equals $9,531.51.

DATED this ____ day of May , 2019

Bey Wesley

2

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MATTHEW SCOTT, et al., | ) | |
| | ) | Civ. Action No. 1:19-cv-00032 (LO/MSN) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRUSTIFY, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**AFFIDAVIT OF MATTHEW BLANCHARD**

I, Matthew Blanchard, affirm that I am competent to testify to the matters stated herein, deposes and says:

1.      I am an adult citizen of the U.S., competent to testify to the matters in this Affidavit, and I have personal knowledge of the facts set forth herein.

2.      I am a Plaintiff in the above-captioned matter and a former employee of Trustify, Inc. ("Trustify") and Daniel Boice.

3.      I began working for Trustify and Boice on November 6, 2017 in Arlington, Virginia.

4.      Trustify is a start-up technology company that operated an application to connect private investigators with individuals and businesses.

5.      Daniel K. Boice is the founder and CEO of Trustify.

6.      In Boice's capacity with Trustify, Boice individually:

      a.      was personally in charge of managing and controlling the business operations of Trustify;

      b.      was my most senior manager and supervisor;

      c.      oversaw and evaluated my job duties;

      d.      made or delegated the decisions to me;

      e.      set and determined my job duties and responsibilities;

      f.      set and determined my rate and method of pay;

      g.      set, controlled, and monitored my work schedule;

      h.      maintained or caused to be maintained all work and employment records relating to me; and

      i.      had full authority to fire me, which he exercised on November 26, 2018.

7.      Boice was the principal owner of Trustify and controlled how Trustify used its funds.

8.      In 2018, Boice used Trustify funds to pay for personal expenses, including approximately $600,000 for a documentary about Boice and his wife, and Boice also promised to pay expenses related to a personal lawsuit with Trustify funds.

9.      Trustify and Boice provided an online private investigator platform that connected customers with private investigators in a manner that crossed state borders.

10.      Trustify and Boice had a gross annual revenue that exceeded $500,000.00.

11.      I was paid $42,000 per year plus commission pursuant to an offer letter I received from Trustify

12.      My offer letter is attached as Exhibit 1.

13.     From November 1, 2018 until November 16, 2018, I worked each week day from approximately 9am until approximately 5 pm with a 1-hour lunch break.

14.     By fall of 2018, Trustify was in financial distress.

15.     Trustify stopped paying amounts owed to some vendors.

16.     On Thursday, November 15, 2018, which was payday for Plaintiffs for their work from November 1-14, Boice claimed that he was going to the bank to get Trustify's employees' paychecks and left the office.

17.     Boice did not return that or the next day.

18.     On Friday, November 16, 2018, I and the other Plaintiffs emailed Boice and formally requested payment for our unpaid wages and that Trustify appropriately pay our unpaid tax withholdings for October 2018.

19.     The November 16, 2018 email stated that if Trustify did not pay us that we would "be forced to make a complaint to the Virginia Labor Board."

20.     On Monday, November 19, I and the other Plaintiffs met with Boice and asked about our paychecks.

21.     Boice became extremely angry and threatening toward us and told us to leave.

22.     On November 16, 2019, Boice terminated my employment.

23.     Trustify and Boice have not paid me for the work I performed in November 2018.

24.     This totals $1,841.09 in wages plus $500.00 in commission.

25.     Following my termination, I did not find a new position until December 3, 2018.

26.     My lost wages between the time of my termination and December 3, 2018 equals $1,841.09.

3

DATED this 8th day of        May                    , 2019

Matthew Blanchard

# EXHIBIT 1



200 12th Street Suite 801, Arlington, VA 22202

November 8, 2017

Dear Matthew Blanchard,

Trustify Inc., a Delaware corporation (the "Company"), is pleased to conditionally offer you employment with the Company on the terms described below.

**1.**          **Position.**  You will start in a full-time position as a Sales Representative and you will initially report to Vice President of Sales, Mary Burns.

Your primary duties will include communicating with prospective customers and selling them any of the various products or services that the Company offers and other duties as assigned. By signing this letter, you confirm with the Company that you are under no contractual or other legal obligations that would prohibit you from performing your duties with the Company.

**2.**          **Compensation and Employee Benefits.**  Your annual salary will be $42,000.00, paid out in semi-monthly installments of $1,750.00, plus $100 per every appointment shown, payable in accordance with the Company's normal payroll cycle. As an exempt employee, you will not be entitled to overtime pay and your salary is intended to cover all hours worked including any hours worked in excess of 40 in a workweek or overtime as otherwise mandated by applicable state law.

**3.**          During your employment, you will be eligible for employee benefits consistent with the Company's practices and applicable law and in accordance with the terms of the applicable benefit plans as they currently exist and subject to any future modifications in the Company's discretion. Trustify's benefits are currently run through UnitedHealthcare and include a range of plans from low deductible to high. Trustify contributes 100% up to a capped amount for medical. For dental and vision the company contributes 50% of the premiums. Trustify completely covers the costs of a standard $100,000 life insurance policy, short term disability, and long term disability for all employees.
Other benefits include 2 weeks of Paid Time Off, three paid sick days, and your birthday off. Employees have the chance to earn additional PTO through our 8-for-8 policy- for every 8 hours of community service conducted with Trustify the employee has the potential to earn an additional 8 hours of PTO to use on a service event of their choice. We enjoy weekly happy hours, game nights, company sponsored outings, and casual attire.

**4.**         **Confidential Information and Invention Assignment Agreement.** Like all Company employees, you will be required, as a condition of your employment with the Company, to sign the Company's enclosed standard Confidential Information and Invention Assignment Agreement. Further, you hereby assign all right, title and interest in the work produced during your service as an employee of Trustify, except that you retain display rights in the work, i.e., for use in portfolios, exhibitions and other self-promotion channels.

**5.**         **Employment Relationship.** Employment with the Company is for no specific period of time. Your employment with the Company will be "at will," meaning that either you or the Company may terminate your employment at any time and for any reason, with or without cause or notice. Any contrary representations which may have been made to you are superseded by this offer. This is the full and complete agreement between you and the Company on this term. Although your job duties, title, compensation and benefits, as well as the Company's personnel policies and procedures, may change from time to time, the "at will" nature of your employment may only be changed in an express written agreement signed by you and the Company's Chief Executive Officer.

**6.**         **Outside Activities.** While you render services to the Company, you agree that you will not engage in any other employment, consulting or other business activity without the written consent of the Company.

**7.**         **Taxes, Withholding and Required Deductions.** All forms of compensation referred to in this letter are subject to all applicable taxes, withholding and any other deductions required by applicable law.

**8.**         **No Contract Violation**. By signing below, you acknowledge, represent and warrant to the Company that you are not now under any obligation of a contractual nature to any person, business or other entity which is inconsistent or in conflict with this letter or which would prevent you from performing your obligations for the Company.

**9.**         **Background Investigation.** Initial and continued employment with the Company is contingent upon your successful completion of all of the Company's lawful employment background checks. Unsatisfactory results, refusal to cooperate with, or any attempts to affect the results of employment background checks will result in withdrawal of any employment offer, or termination of employment if already employed. By signing below, you authorize the Company or its designee to inquire into your educational, criminal, professional and/or past employment history as needed to research your qualifications for this or any future position; and you agree to execute any necessary consents to perform such checks. By signing below you also authorize any person, school, current employer, past employer, organization or law enforcement agency to provide Trustify or its designee with any information or opinion requested by Trustify in connection with its background investigation, including but not limited to information concerning your

performance, reputation and character, and you release such persons and organizations from any legal liability in providing such statement or opinions whether they are positive or negative in nature.

**10.**       **Miscellaneous.**

    **(a)**       **Governing Law.** The validity, interpretation, construction and performance of this letter, and all acts and transactions pursuant hereto and the rights and obligations of the parties hereto shall be governed, construed and interpreted in accordance with the laws of Delaware, without giving effect to principles of conflicts of law.

    **(b)**       **Entire Agreement.** This letter sets forth the entire agreement and understanding of the parties relating to the subject matter herein and supersedes all prior or contemporaneous discussions, understandings and agreements, whether oral or written, between them relating to the subject matter hereof.

    **(c)**       **Counterparts.** This letter may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and all of which together shall constitute one and the same agreement. Execution of a facsimile copy will have the same force and effect as execution of an original, and a facsimile signature will be deemed an original and valid signature.

    **(d)**       **Electronic Delivery.** The Company may, in its sole discretion, decide to deliver any documents or notices related to this Agreement, securities of the Company or any of its affiliates or any other matter, including documents and/or notices required to be delivered to you by applicable securities law or any other law or the Company's Certificate of Incorporation or Bylaws by email or any other electronic means. You hereby consent to (i) conduct business electronically (ii) receive such documents and notices by such electronic delivery and (iii) sign documents electronically and agree to participate through an on-line or electronic system established and maintained by the Company or a third party designated by the Company.

*[Signature Page Follows]*

If you wish to accept this offer, please sign and date both the enclosed duplicate original of this letter and the enclosed Confidential Information and Invention Assignment Agreement and return them to me. As required, by law, your employment with the Company is also contingent upon your providing legal proof of your identity and authorization to work in the United States. This offer, if not accepted, will expire at the close of business on November 8th, 2017.

Very truly yours,

TRUSTIFY

By: _____

Name: Daniel K. Boice
Title: CEO

ACCEPTED AND AGREED:

_____

_____
(Signature)
11/08/2017
_____
Date:

Anticipated Start Date: 11/6/2017

Attachment A: Confidential Information and Invention Assignment Agreement

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MATTHEW SCOTT, et al.,                    )
                                          )
          Plaintiffs,                     )      Civ. Action No. 1:19-cv-00032 (LO/MSN)
                                          )
             v.                           )
                                          )
TRUSTIFY, INC., et al.,                   )
                                          )
          Defendants.                     )
                                          )

## AFFIDAVIT OF BERNADETTE VIELHABER

I, Bernadette Vielhaber, affirm that I am competent to testify to the matters stated herein,

deposes and says:

1.      I am an adult citizen of the U.S., competent to testify to the matters in this Affidavit,

and I have personal knowledge of the facts set forth herein.

2.      I am a Plaintiff in the above-captioned matter and a former employee of Trustify,

Inc. ("Trustify") and Daniel Boice.

3.      I began working for Trustify and Boice on April 23, 2018 in Arlington, Virginia.

4.      Trustify is a start-up technology company that operated an application to connect

private investigators with individuals and businesses.

5.      Daniel K. Boice is the founder and CEO of Trustify.

6.      In Boice's capacity with Trustify, Boice individually:

      a.      was personally in charge of managing and controlling the business
           operations of Trustify;

      b.      was my most senior manager and supervisor;

    c.     oversaw and evaluated my job duties;

    d.     made or delegated the decisions to me;

    e.     set and determined my job duties and responsibilities;

    f.     set and determined my rate and method of pay;

    g.     set, controlled, and monitored my work schedule;

    h.     maintained or caused to be maintained all work and employment records relating to me; and

    i.     had full authority to fire me, which he exercised on November 26, 2018.

7.     Boice was the principal owner of Trustify and controlled how Trustify used its funds.

8.     In 2018, Boice used Trustify funds to pay for personal expenses, including approximately $600,000 for a documentary about Boice and his wife, and Boice also promised to pay expenses related to a personal lawsuit with Trustify funds.

9.     Trustify and Boice provided an online private investigator platform that connected customers with private investigators in a manner that crossed state borders.

10.     Trustify and Boice had a gross annual revenue that exceeded $500,000.00.

11.     I was paid $70,000 per year pursuant to an offer letter I received from Trustify.

12.     My offer letter is attached as Exhibit 1.

13.     From November 1, 2018 until November 26, 2018, I worked each week day from approximately 9am until approximately 5 pm with a 1-hour lunch break, except for between approximately 9am-5pm on November 19-November 23, 2018 I and the other Plaintiffs were sent home on paid time off and paid holiday leave.

14.     By fall of 2018, Trustify was in financial distress.

15.    Trustify stopped paying amounts owed to some vendors.

16.    On Thursday, November 15, 2018, which was payday for Plaintiffs for their work from November 1-14, Boice claimed that he was going to the bank to get Trustify's employees' paychecks and left the office.

17.    Boice did not return that or the next day.

18.    On Friday, November 16, 2018, I and the other Plaintiffs emailed Boice and formally requested payment for our unpaid wages and that Trustify appropriately pay our unpaid tax withholdings for October 2018.

19.    The November 16, 2018 email stated that if Trustify did not pay us that we would "be forced to make a complaint to the Virginia Labor Board."

20.    On Monday, November 19, I and the other Plaintiffs met with Boice and asked about our paychecks.

21.    Boice became extremely angry and threatening toward us and told us to leave.

22.    Trustify Vice President Matthew De Leon instructed the us to take paid time off for the rest of the day Monday, Tuesday, and Wednesday and we had paid holidays on Thanksgiving, November 22 and Friday, November 23.

23.    Trustify, meanwhile, deactivated our access to company email and instant messaging systems on Monday, November 19, 2018.

24.    On the morning of November 26, 2018, Boice emailed me and terminated my employment.

25.    Trustify and Boice have not paid me for the work I performed in November 2018.

26.    This totals $4,986.30.

27.    Following my termination, I have not yet found a new position.

3

28.     My lost wages between the time of my termination and April 29, 2019 equals

$29,615.38.

DATED this 3 day of May, 2019

Bernadette Vielhaber
_____
Bernadette Vielhaber

4

# **EXHIBIT 1**



**Trustify**™

200 12th Street Suite 801, Arlington, VA 22202

April 17, 2018

Dear Bernadette,

Trustify Inc., a Delaware corporation (the "Company"), is pleased to conditionally offer you employment with the Company on the terms described below.

**1.**        **Position.**  You will start in a full-time position as a Content Writer and you will initially report to Elliot Rysenbry.

Your primary duties will include Content Writing for our Product and Marketing Team. By signing this letter, you confirm with the Company that you are under no contractual or other legal obligations that would prohibit you from performing your duties with the Company.

**2.**        **Compensation and Employee Benefits.**  Your annual salary will be $58,000, payable in accordance with the Company's normal payroll cycle. As an exempt employee, you will not be entitled to overtime pay and your salary is intended to cover all hours worked including any hours worked in excess of 40 in a workweek or overtime as otherwise mandated by applicable state law.

**3.**        During your employment, you will be eligible for employee benefits consistent with the Company's practices and applicable law and in accordance with the terms of the applicable benefit plans as they currently exist and subject to any future modifications in the Company's discretion. Trustify's benefits are currently run through UnitedHealthcare and include a range of plans from low deductible to high. Trustify contributes 100% up to a capped amount for medical. For dental and vision the company contributes 50% of the premiums. Trustify completely covers the costs of a standard $100,000 life insurance policy, short term disability, and long term disability for all employees. Other benefits include 2 weeks of Paid Time Off, three paid sick days, and your birthday off. Employees have the chance to earn additional PTO through our 8-for-8 policy- for every 8 hours of community service conducted with Trustify the employee has the potential to earn an additional 8 hours of PTO to use on a service event of their choice. We enjoy weekly happy hours, game nights, company sponsored outings, and casual attire.

**4.**        **Confidential Information and Invention Assignment Agreement.**  Like all Company employees, you will be required, as a condition of your employment with the Company, to sign the Company's enclosed standard Confidential Information and

Invention Assignment Agreement. Further, you hereby assign all right, title and interest in the work produced during your service as an employee of Trustify, except that you retain display rights in the work, i.e., for use in portfolios, exhibitions and other self-promotion channels.

**5.**        **Employment Relationship.** Employment with the Company is for no specific period of time. Your employment with the Company will be "at will," meaning that either you or the Company may terminate your employment at any time and for any reason, with or without cause or notice. Any contrary representations which may have been made to you are superseded by this offer. This is the full and complete agreement between you and the Company on this term. Although your job duties, title, compensation and benefits, as well as the Company's personnel policies and procedures, may change from time to time, the "at will" nature of your employment may only be changed in an express written agreement signed by you and the Company's Chief Executive Officer.

**6.**        **Outside Activities.** While you render services to the Company, you agree that you will not engage in any other employment, consulting or other business activity without the written consent of the Company.

**7.**        **Taxes, Withholding and Required Deductions.** All forms of compensation referred to in this letter are subject to all applicable taxes, withholding and any other deductions required by applicable law.

**8.**        **No Contract Violation**. By signing below, you acknowledge, represent and warrant to the Company that you are not now under any obligation of a contractual nature to any person, business or other entity which is inconsistent or in conflict with this letter or which would prevent you from performing your obligations for the Company.

**9.**        **Background Investigation.** Initial and continued employment with the Company is contingent upon your successful completion of all of the Company's lawful employment background checks. Unsatisfactory results, refusal to cooperate with, or any attempts to affect the results of employment background checks will result in withdrawal of any employment offer, or termination of employment if already employed. By signing below, you authorize the Company or its designee to inquire into your educational, criminal, professional and/or past employment history as needed to research your qualifications for this or any future position; and you agree to execute any necessary consents to perform such checks. By signing below you also authorize any person, school, current employer, past employer, organization or law enforcement agency to provide Trustify or its designee with any information or opinion requested by Trustify in connection with its background investigation, including but not limited to information concerning your performance, reputation and character, and you release such persons and organizations from any legal liability in providing such statement or opinions whether they are positive or negative in nature.

**10.**          **Miscellaneous.**

(a)      **Governing Law.** The validity, interpretation, construction and performance of this letter, and all acts and transactions pursuant hereto and the rights and obligations of the parties hereto shall be governed, construed and interpreted in accordance with the laws of Delaware, without giving effect to principles of conflicts of law.

(b)      **Entire Agreement.** This letter sets forth the entire agreement and understanding of the parties relating to the subject matter herein and supersedes all prior or contemporaneous discussions, understandings and agreements, whether oral or written, between them relating to the subject matter hereof.

(c)      **Counterparts.** This letter may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and all of which together shall constitute one and the same agreement. Execution of a facsimile copy will have the same force and effect as execution of an original, and a facsimile signature will be deemed an original and valid signature.

(d)      **Electronic Delivery.** The Company may, in its sole discretion, decide to deliver any documents or notices related to this Agreement, securities of the Company or any of its affiliates or any other matter, including documents and/or notices required to be delivered to you by applicable securities law or any other law or the Company's Certificate of Incorporation or Bylaws by email or any other electronic means. You hereby consent to (i) conduct business electronically (ii) receive such documents and notices by such electronic delivery and (iii) sign documents electronically and agree to participate through an on-line or electronic system established and maintained by the Company or a third party designated by the Company.

*[Signature Page Follows]*

If you wish to accept this offer, please sign and date both the enclosed duplicate original of this letter and the enclosed Confidential Information and Invention Assignment Agreement and return them to me.  As required, by law, your employment with the Company is also contingent upon your providing legal proof of your identity and authorization to work in the United States.  This offer, if not accepted, will expire at the close of business on April 20,2018.

Very truly yours,

TRUSTIFY

By: _____

Name: <u>Daniel K. Boice</u>
Title: <u>CEO</u>

ACCEPTED AND AGREED:

Bernadette A. Vielhaber
_____

*Bernadette A Vielhaber*

_____
(Signature)

04/17/2018
_____
Date:

Anticipated Start Date: April 23, 2018

<u>Attachment A</u>:  Confidential Information and Invention Assignment Agreement

Doc ID: f278d410641186dbfdb2d59504e1ec928936f52d

# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MATTHEW SCOTT, et al.,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs,　　　　　)　　　Civ. Action No. 1:19-cv-00032 (LO/MSN)
　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
TRUSTIFY, INC., et al.,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　)
　　　　　　　　　　　　　　　　　)

### AFFIDAVIT OF ANDREW LITTLE

I, Andrew Little, affirm that I am competent to testify to the matters stated herein, deposes and says:

1.　　I am an adult citizen of the U.S., competent to testify to the matters in this Affidavit, and I have personal knowledge of the facts set forth herein.

2.　　I am a Plaintiff in the above-captioned matter and a former employee of Trustify, Inc. ("Trustify") and Daniel Boice.

3.　　I began working for Trustify and Boice on April 17, 2017 in Arlington, Virginia.

4.　　Trustify is a start-up technology company that operated an application to connect private investigators with individuals and businesses.

5.　　Daniel K. Boice is the founder and CEO of Trustify.

6.　　In Boice's capacity with Trustify, Boice individually:

　　　a.　　was personally in charge of managing and controlling the business operations of Trustify;

　　　b.　　was my most senior manager and supervisor;

    c.     oversaw and evaluated my job duties;

    d.     made or delegated the decisions to me;

    e.     set and determined my job duties and responsibilities;

    f.     set and determined my rate and method of pay;

    g.     set, controlled, and monitored my work schedule;

    h.     maintained or caused to be maintained all work and employment records relating to me; and

    i.     had full authority to fire me, which he exercised on November 26, 2018.

7.     Boice was the principal owner of Trustify and controlled how Trustify used its funds.

8.     In 2018, Boice used Trustify funds to pay for personal expenses, including approximately $600,000 for a documentary about Boice and his wife, and Boice also promised to pay expenses related to a personal lawsuit with Trustify funds.

9.     Trustify and Boice provided an online private investigator platform that connected customers with private investigators in a manner that crossed state borders.

10.     Trustify and Boice had a gross annual revenue that exceeded $500,000.00.

11.     I was paid $50,000 per year plus 7% commission of the gross amount of revenue I sold pursuant to an offer letter I received from Trustify.

12.     My offer letter is attached as Exhibit 1.

13.     From November 1, 2018 until November 26, 2018, I worked each week day from approximately 9am until approximately 5 pm with a 1-hour lunch break, except for between approximately 9am-5pm on November 19-November 23, 2018 I and the other Plaintiffs were sent home on paid time off and paid holiday leave.

14.    By fall of 2018, Trustify was in financial distress.

15.    Trustify stopped paying amounts owed to some vendors.

16.    On Thursday, November 15, 2018, which was payday for Plaintiffs for their work from November 1-14, Boice claimed that he was going to the bank to get Trustify's employees' paychecks and left the office.

17.    Boice did not return that or the next day.

18.    On Friday, November 16, 2018, I and the other Plaintiffs emailed Boice and formally requested payment for our unpaid wages and that Trustify appropriately pay our unpaid tax withholdings for October 2018.

19.    The November 16, 2018 email stated that if Trustify did not pay us that we would "be forced to make a complaint to the Virginia Labor Board."

20.    On Monday, November 19, I and the other Plaintiffs met with Boice and asked about our paychecks.

21.    Boice became extremely angry and threatening toward us and told us to leave.

22.    Trustify Vice President Matthew De Leon instructed the us to take paid time off for the rest of the day Monday, Tuesday, and Wednesday and we had paid holidays on Thanksgiving, November 22 and Friday, November 23.

23.    Trustify, meanwhile, deactivated our access to company email and instant messaging systems on Monday, November 19, 2018.

24.    On the morning of November 26, 2018, Boice emailed me and terminated my employment.

25.    Trustify and Boice have not paid me for the work I performed in November 2018.

26.    This totals $3,561.64 in wages and $1,300.00 in commission.

3

27.     Following my termination, I did not find a new job until January 27, 2019. My new position pays more than my job with Trustify.

28.     My lost wages between the time of my termination and January 27, 2019 equals $8,493.15.

DATED this ____8____ day of _____May____, 2019

*Andrew Little*

Andrew Little

w/ permission
by Jack Jarrett

4

# EXHIBIT 1



200 12th Street Suite 801, Arlington, VA 22202

March 31, 2017

Dear Cole Little,

Trustify Inc., a Delaware corporation (the "Company"), is pleased to conditionally offer you employment with the Company on the terms described below.

**1.**          **Position.**  You will start in a full-time position as a Customer Success Manager and you will initially report to Mary Burns, Vice President of Sales.

Your primary duties will include offering support to Trustify's consumer and business clients. By signing this letter, you confirm with the Company that you are under no contractual or other legal obligations that would prohibit you from performing your duties with the Company.

**2.**          **Compensation and Employee Benefits.**  Your annual salary will be $47,000.00 plus bonus incentives, payable in accordance with the Company's normal payroll cycle.  As an exempt employee, you will not be entitled to overtime pay and your salary is intended to cover all hours worked including any hours worked in excess of 40 in a workweek or overtime as otherwise mandated by applicable state law.

**3.**          During your employment, you will be eligible for employee benefits consistent with the Company's practices and applicable law and in accordance with the terms of the applicable benefit plans as they currently exist and subject to any future modifications in the Company's discretion. Trustify's benefits are currently run through UnitedHealthcare and include a range of plans from low deductible to high. Trustify contributes 100% up to a capped amount for medical. For dental and vision the company contributes 50% of the premiums. Trustify completely covers the costs of a standard $100,000 life insurance policy, short term disability, and long term disability for all employees.

Other benefits include 2 weeks of Paid Time Off, three paid sick days, and your birthday off. Employees have the chance to earn additional PTO through our 8-for-8 policy- for every 8 hours of community service conducted with Trustify the employee has the potential to earn an additional 8 hours of PTO to use on a service event of their choice. We enjoy weekly happy hours, game nights, company sponsored outings, and casual attire.

**4.**         **Confidential Information and Invention Assignment Agreement.** Like all Company employees, you will be required, as a condition of your employment with the Company, to sign the Company's enclosed standard Confidential Information and Invention Assignment Agreement. Further, you hereby assign all right, title and interest in the work produced during your service as an employee of Trustify, except that you retain display rights in the work, i.e., for use in portfolios, exhibitions and other self-promotion channels.

**5.**         **Employment Relationship.** Employment with the Company is for no specific period of time. Your employment with the Company will be "at will," meaning that either you or the Company may terminate your employment at any time and for any reason, with or without cause or notice. Any contrary representations which may have been made to you are superseded by this offer. This is the full and complete agreement between you and the Company on this term. Although your job duties, title, compensation and benefits, as well as the Company's personnel policies and procedures, may change from time to time, the "at will" nature of your employment may only be changed in an express written agreement signed by you and the Company's Chief Executive Officer.

**6.**         **Outside Activities.** While you render services to the Company, you agree that you will not engage in any other employment, consulting or other business activity without the written consent of the Company.

**7.**         **Taxes, Withholding and Required Deductions.** All forms of compensation referred to in this letter are subject to all applicable taxes, withholding and any other deductions required by applicable law.

**8.**         **No Contract Violation.** By signing below, you acknowledge, represent and warrant to the Company that you are not now under any obligation of a contractual nature to any person, business or other entity which is inconsistent or in conflict with this letter or which would prevent you from performing your obligations for the Company.

**9.**         **Background Investigation.** Initial and continued employment with the Company is contingent upon your successful completion of all of the Company's lawful employment background checks. Unsatisfactory results, refusal to cooperate with, or any attempts to affect the results of employment background checks will result in withdrawal of any employment offer, or termination of employment if already employed. By signing below, you authorize the Company or its designee to inquire into your educational, criminal, professional and/or past employment history as needed to research your qualifications for this or any future position; and you agree to execute any necessary consents to perform such checks. By signing below you also authorize any person, school, current employer, past employer, organization or law enforcement agency to provide Trustify or its designee with any information or opinion requested by Trustify in connection with its background investigation, including but not limited to information concerning your

performance, reputation and character, and you release such persons and organizations from any legal liability in providing such statement or opinions whether they are positive or negative in nature.

**10.**        **Miscellaneous.**

        **(a)        Governing Law.** The validity, interpretation, construction and performance of this letter, and all acts and transactions pursuant hereto and the rights and obligations of the parties hereto shall be governed, construed and interpreted in accordance with the laws of Delaware, without giving effect to principles of conflicts of law.

        **(b)        Entire Agreement.** This letter sets forth the entire agreement and understanding of the parties relating to the subject matter herein and supersedes all prior or contemporaneous discussions, understandings and agreements, whether oral or written, between them relating to the subject matter hereof.

        **(c)        Counterparts.** This letter may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and all of which together shall constitute one and the same agreement. Execution of a facsimile copy will have the same force and effect as execution of an original, and a facsimile signature will be deemed an original and valid signature.

        **(d)        Electronic Delivery.** The Company may, in its sole discretion, decide to deliver any documents or notices related to this Agreement, securities of the Company or any of its affiliates or any other matter, including documents and/or notices required to be delivered to you by applicable securities law or any other law or the Company's Certificate of Incorporation or Bylaws by email or any other electronic means. You hereby consent to (i) conduct business electronically (ii) receive such documents and notices by such electronic delivery and (iii) sign documents electronically and agree to participate through an on-line or electronic system established and maintained by the Company or a third party designated by the Company.

*[Signature Page Follows]*

If you wish to accept this offer, please sign and date both the enclosed duplicate original of this letter and the enclosed Confidential Information and Invention Assignment Agreement and return them to me. As required, by law, your employment with the Company is also contingent upon your providing legal proof of your identity and authorization to work in the United States. This offer, if not accepted, will expire at the close of business on April 3, 2017.

Very truly yours,

TRUSTIFY

By: _____

Name: Daniel K. Boice
Title: CEO

ACCEPTED AND AGREED:

    Cole Little

_____

_Cole Little_

(Signature)

    04/01/2017

Date:

Anticipated Start Date: April 17, 2017        *CL*

Attachment A:  Confidential Information and Invention Assignment Agreement

Doc ID: 138a816761018efd26b25fa6bd3224f3d2ed7ec3